*Kingsbury,* for the state.
*Howk,* for the defendant.

(1) Vide the next case—*Clark* v. *Ellis*—and note(1).

## CLARK *v.* ELLIS.

In a prosecution before a justice of the peace for an assault and battery under the statute of 1818, the defendant was found guilty by the jury and fined three dollars. An action of slander was afterwards brought for words charging the plaintiff with having sworn false on that trial; and the words were objected to as not being actionable, on the ground that the justice had no jurisdiction. *Held,* that though the statute were deemed unconstitutional so far as it gave the justice authority to inflict a fine exceeding three dollars; yet when, as in this case, the fine inflicted did not exceed that sum, the objection was untenable.

A statute may be unconstitutional as to one part of it, and valid as to the residue.

ERROR to the *Monroe* Circuit Court.

HOLMAN, J.—A trial was had in *May,* 1822, in a prosecution for an assault and battery, before a justice of the peace, under the act regulating the jurisdiction and duties of justices of the peace, approved *January* the 28th, 1818. On that trial the plain-

tiff was sworn as a witness and gave evidence; and the defendant, it is said, charged him with swearing false and committing perjury in his evidence so given. For this charge this action is brought.

There were special demurrers to the first and third counts in the declaration, which were sustained by the Circuit Court; and instructions were requested, which were in substance, "that if the jury found that the defamatory words were spoken with reference to a swearing on said trial, they should find for the plaintiff;" which instructions the Court refused to give. A verdict was found for the defendant, and judgment was accordingly given.

There are a variety of minor questions raised in the case—as to the specifications of the charge in the declaration—the technical construction of the testimony—and the explaining of the docket of the justice of the peace by parol evidence—all of which we deem unimportant. The cause of action is sufficiently described; the testimony comports in substance with the character of the action; and the testimony relative to the docket of the justice of the peace was not improper.

The whole case may be considered as resting on the constitutionality of the act of assembly, under which the justice of the peace acted.

This act of assembly authorises a justice of the peace to impannel a jury, and try cases of riots, routs, affrays, breaches of the peace, &c.; and to fine an offender, agreeably to the verdict of a jury, not exceeding 20 dollars (1). But it appears from the record in this case, that the trial which gave rise to this controversy, resulted in a fine against the offender to the amount of three dollars only. Agreeably to the decision in the case of *The State* v. *M'Cory*, at this term, the legislature may authorise a justice of the peace to exercise jurisdiction over cases of assault and battery, and to fine the offender to the amount of three dollars. And what the legislature could authorise him to do without a jury, they could certainly authorise him to do with a jury, as in this case. So that, without entering into the disputed question about the constitutionality of that part of the justice's jurisdiction, which has been taken away by the legislature, there can be no question, but that so far as the justice of the peace proceeded in the trial referred to in this action, he was

Nov. Term,
1826.

CLARK
v.
ELLIS.

within the jurisdiction which the legislature had constitutional authority to give. We have heretofore decided that a part of an act of assembly being unconstitutional, does not affect a constitutional part of the same act relative to the same subject. That part which is unconstitutional, is considered as if stricken out of the act; and if enough remains to be intelligibly acted upon, it is considered as the law of the land. If this were done in relation to this act of assembly, the justice of the peace would still retain a jurisdiction in cases of assault and battery, and might give a definite sentence where the case merited a fine no higher than three dollars. We, therefore, consider that the trial under consideration was a judicial proceeding, in which a witness might commit perjury; and that the words contained in each of the counts in the declaration are actionable.

The special demurrer, and the instructions required, turn substantially on the same points; the demurrer should, therefore, have been overruled, and the substance of the instructions have been given to the jury.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*Naylor*, for the plaintiff.
*Wick*, for the defendant.

(1) The provision in the act of 1818, referred to in the text, was repealed in 1823. Stat. 1823, p. 51. The provision, substituted by the act of 1823 for the one repealed, is adopted in the R. C. 1824, p. 236, sec. 2. The provision in R. C. 1824, is copied and commented on in *The State* v. *M'Cory*, the case next preceding the one to which this note is annexed. The act now in force is as follows:—"In prosecutions before justices, for an assault and battery, affray, or other breach of the peace, the defendant shall be tried by the justice alone, demand a jury, or be recognized to the Circuit Court, at his election. If the defendant be found guilty before the justice, the fine shall not be less than one dollar nor more than 20 dollars. If, on hearing the case submitted to him, the justice shall be of opinion that it is of a nature so aggravated that adequate punishment cannot be inflicted under this act, he shall recognize the defendant to the Circuit Court." R. C. 1831, p. 294.