ORAM *v.* FRANKLIN.

Words charging a justice of the peace with corrupt conduct, in trying a cause over which he has no jurisdiction, are not actionable.

APPEAL from the *Owen* Circuit Court.

DEWEY, J.—This was an action of slander by a justice of the peace, for charging him with partiality and corruption in the exercise of his office. Plea, the general issue. Verdict and judgment for the defendant.

It appears by a bill of exceptions that the words laid in the declaration were proved to have been spoken by the defendant; but that they were uttered in reference to the conduct of the justice, in admitting and rejecting evidence, while he was presiding over a jury trial of a person on a charge of assault and battery with intent to commit a rape.

Various instructions to the jury were asked for and refused, and others given which were objected to.

The only material point in the cause, however, is involved in the following charge which was given to the jury on the motion of the defendant: "That the trial of a person on a charge of an attempt to commit a rape by a jury in a justice's Court is a void act; and that words spoken with a clear reference to such trial, charging such justice with partiality in admitting or refusing evidence on such trial, are not actionable; and that, therefore, if the words laid in the

declaration and proved in this cause referred to such a pro-
ceeding, the jury ought to find the defendant not guilty."

It often happens, on the one hand, that words which are
not actionable in themselves are rendered slanderous by the
subject-matter to which they have relation ; and, on the
other hand, that words which, unexplained by extraneous
circumstances, would be actionable, prove to be harmless
when so explained. The present, we think, is a case of the
latter description. The plaintiff does not found his right of
action upon the principle, that if he had been guilty of the
conduct imputed to him by the defendant he would be in-
dictable ; but upon the ground that his official character has
been injured. To sustain his action, therefore, he must show
that his *official* conduct or standing has been impeached.

When a person under colour of an office does an act be-
yond its authority and jurisdiction, in committing that act he
cannot be considered as an officer ; nor will the law protect
him as such against the consequences of his unauthorised con-
duct. *Alcock* v. *Andrews*, 2 Esp. R. 542, note.

A justice of the peace has no right to hold jury trials in
criminal cases, except in certain instances specified by the
statute. R. C. 1831, p. 294. An assault and battery with
intent to commit a rape is not within the exception ; over
that offence he has no final jurisdiction ; and if, under colour
of his office, he attempts to exercise such a jurisdiction, his
acts are extra-official, and he cannot be distinguished from a
private individual.

The evidence in this case shows that all the charges, made
by the defendant against the plaintiff, had reference to his
decisions in admitting or rejecting testimony offered to a
jury, impanelled to try a person charged with the offence
above-named, in a Court held by himself under colour of his
office of justice of the peace. As in holding that Court—
clearly beyond his jurisdiction — the law does not view him
as an officer, it follows that to charge him with malfeasance
in his proceedings cannot defame him as an officer.

This case is strongly analogous to an action for charging
a person with perjury in giving testimony in a Court having
no jurisdiction over the cause in which he was a witness.
It is clear that such an action could not be sustained, because
a legal oath could not be administered to a witness in such

a Court, and consequently no perjury could be committed in it.

We therefore conclude, that to impute to a justice of the peace corrupt conduct in trying a cause over which he has no jurisdiction, is not actionable ; because, in trying such a cause, he acts without authority and must be viewed only as a private person.

*Per Curiam.*—The judgment is affirmed with costs.

*C. P. Hester,* for the appellant.

*D. M'Donald,* for the appellee.