Nov. Term, 1853.

SNYDER
v.
DEGANT.

---

## SNYDER v. DEGANT.

In slander for words charging the plaintiff with perjury in his testimony given at a trial, it is a sufficient defence to show that the plaintiff was not sworn at the trial.

Saturday,
December 31.

APPEAL from the *Decatur* Circuit Court.

*Per Curiam.*—Action on the case for slander. The only question presented here arises on an instruction asked for by *Snyder*, the defendant below, and refused.

The ninth count of the declaration alleges that there had been a trial between the parties to this suit, before one *Magness*, a justice of the peace, who had ample authority, jurisdiction, &c., and that speaking of that trial,

the said *Snyder* "spoke and published of and concerning the said plaintiff, and of and concerning the said trial before the said justice, the false, scandalous and defamatory words following," &c. Then follow various sets of words imputing perjury. The count concludes by averring that by the speaking and publishing the words in that count, *Snyder* intended to charge *Degant* with having committed perjury on the trial before the said justice.

On the trial it was proved that *Degant* was not sworn and did not give evidence on the trial before the justice mentioned in the declaration. The defendant asked the Court to instruct the jury, that if satisfied that *Degant* was not sworn on the said trial described in the declaration, and all the words proved were spoken referring to that trial, it was not slanderous, and they should find for the defendant.

*Held*, that the instruction should have been given.

If it appeared that the words were spoken with reference to the trial described in the declaration, it was a good defence to show that the plaintiff could not have committed legal perjury on that trial.

Words charging perjury to have been committed before an officer not having authority to administer oaths, are not actionable, for the reason that the party could not have been legally sworn. *Oram* v. *Franklin*, 5 Blackf. 42.— *Brite* v. *Gill*, 2 Mon. 65.—*Clark* v. *Ellis*, 2 Blackf. 8. The same reason applies when he was not sworn at all. (1)

The judgment is reversed with costs. Cause remanded, &c.

*A. Davison*, for the appellant.

*J. S. Scobey* and *J. Ryman*, for the appellee.

(1) DAVISON, J., having been concerned as counsel, was absent.