## THE STATE v. NEWTON.

CONSTITUTIONAL LAW.—*Vagrancy.*—The title of the act of March 15th, 1877, Acts 1877, Spec. Sess., p. 80, defining vagrancy and other offences, embraces but one subject, that of misdemeanors; and the subject-matter of each section is embraced by the title; and all the provisions in the sections as to punishment of the offences defined in the act are properly connected therewith.

SAME.— *Unconstitutionality of Parts of Statute.*—A statute may be unconstitutional in part, without invalidating the remainder; or the unconstitutional part may be so material as to render the whole act void.

SAME.—*Proceedings under Statute Unconstitutional in Part.*—Proceedings under a statute, which do not involve any part of the statute which is unconstitutional, may be valid. All that part of the above act which relates to offences is valid, but some of the provisions for enforcing punishment may not be; but a prosecution under the act may be instituted and conducted under the provisions of the code of criminal pleading and practice in force when this act took effect, in accordance with section 14 of the act of March 15th, 1877.

The State v. Newton.

SAME.—*Arrest by Warrant, and Trial by Jury.*—The act does not prohibit arrests by warrant, nor trials by jury ; and section 14 expressly continues in force laws relating to both.

SAME.—*Declaring Statutes Unconstitutional.*—When parts of a statute are unconstitutional, but a proceeding under the statute does not involve such parts as are unconstitutional, the Supreme Court will not pass upon the constitutionality of such parts in reviewing such proceeding.

From the Parke Circuit Court.

*C. A. Buskirk*, Attorney General, *D. Roach*, Prosecuting Attorney, and *J. E. Humphries*, for the State.

*J. T. Johnston*, *T. N. Rice* and *J. R. Courtney*, for appellee.

PERKINS, J.—The following indictment for an offence created by the 2d section of the act of March 15th, 1877, defining vagrancy, etc., was returned in the Parke Circuit Court.

" State of Indiana v. Hod Newton.

" Indicted for exhibition of gamblers' implements.

" The grand jurors of Parke county, in the State of Indiana, good and lawful men, duly and legally empanelled, charged, affirmed and sworn in the Parke Circuit Court of said State, at the October term for the year 1877, to enquire into felonies and certain misdemeanors, in and for the body of said county of Parke, in the name and by the authority of the State of Indiana, on their oaths and affirmations, present, that one Hod Newton, late of said county, on the 29th day of August, A. D. 1877, at said county and State aforesaid, was then and there unlawfully the exhibitor of certain gamblers' implements, viz., a dice-box and dice needed in playing the game of chuck-a-luck, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana.     DAVID A. ROACH,

" Prosecuting Attorney."

A motion to quash the indictment was sustained, on the ground that said 2d section was not embraced in the title of the act.

This is the title :

" An act defining vagrancy and other offences therein specified, providing penalties, authorizing arrests of suspected persons, without warrant, providing a method of examination, authorizing search of places where unlawful practices are carried on, and arrest of inmates, without warrant, and conferring certain powers and jurisdiction on policemen and other peace officers, mayors and justices, declaring it a cumulative statute, and emergency, and containing other provisions pertinent to the subject-matter of the act." Acts Spec. Sess. 1877, p. 80.

The 2d and 14th sections of the act follow:

" Sec. 2. Any male or female person, who shall be the keeper or proprietor, or exhibitor of any gaming table or device, or gamblers' implements, or who shall be an assistant or attendant on any gaming table or apparatus, or in any gambling house, shall be deemed a gambler.

" Sec. 14. This act shall not be construed to repeal any other statute, unless they clearly conflict, but as cumulative to other statutes relating to the same subjects."

A general summary of the act, which it may be well to have in view, is as follows:

Section 1 defines who are vagrants.

Section 3 defines a professional gambler.

Section 4 defines a pigeon-dropper.

Section 5 defines a female prostitute.

Section 6 defines a pimp.

Section 7 authorizes the arrest, without warrant, of any person guilty under the 2d, 3d, 4th and 5th sections of the act.

Section 8 prescribes the punishment of a vagrant.

Section 9 of a gambler or professional gambler.

Section 10 of a pigeon-dropper.

Section 11 of a prostitute.

Section 12 of a pimp.

Section 13 authorizes visitation by the police of sus-

pected gambling houses and houses of prostitution, the seizure and destruction of the gambling apparatus found, the arrest of the persons, etc.

Section 15 declares an emergency.

It is ordained by the Constitution of the State, art. 4, sec. 19, that " Every act shall embrace but one subject and matters properly connected therewith ; which subject shall be expressed in the title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

The first question is, what is the subject of the act, the title of which is copied above ?

The second is, is the matter of section 2 of said act expressed in the title thereto, or properly connected with the subject expressed therein ?

The subject of the act is not definitely, but is substantially, expressed in the title. The title expresses, that the act is one " defining vagrancy and other offences therein specified, providing penalties," etc., " and containing other provisions pertinent to the subject-matter of the act." The subject of the act, then, is the defining, and providing for the punishment, of the offences enumerated in the act, all of which offences are misdemeanors.

The subject of the act, therefore, expressed substantially in the title, is the defining, and providing·for the punishment, of certain misdemeanors.

The subject-matter of all the sections of the act is embraced by the title, and all the provisions in said sections for securing the punishment of the offences defined in the act are properly connected therewith. *The State* v. *Young*, 47 Ind. 150, and cases cited.

Of the correctness of these propositions we have no doubt But some of the provisions of the act for securing the punishment of offences are claimed to be unconstitutional; and the question is, should they be so, would the fact render the entire act invalid ? If so, the present prosecution

The State *v.* Newton.

could not be sustained.  A statute may be unconstitutional in part, without invalidating the remainder; or the unconstitutional part may be so material as to render the whole act void.    *Clark* v. *Ellis*, 2 Blackf. 8; *Meshmeier* v. *The State*, 11 Ind. 482.

An examination of the act in question satisfies us that the portions of it claimed to be unconstitutional may be eliminated, and still leave a complete and operative enactment.    This being so, the present prosecution was legal, and the indictment should not have been quashed, because none of the provisions claimed to be unconstitutional were acted upon in the prosecution thus far, and would not necessarily be in its continuance to a final termination.    All that part of the act creating offences is valid.    Some of the provisions for enforcing punishment may not be.    But the prosecution in this case was instituted and conducted under and in accordance with the provisions of the code of criminal pleading and practice in force prior to the enactment of the statute of March 15th, 1877, and still in force; for that act declares, that it " shall not be construed to repeal any other statute, unless they clearly conflict, but as cumulative to other statutes relating to the same subjects; " so that the entire system of prosecuting criminal offences heretofore existing still exists, supplemented by a few provisions in the act of March 15th, 1877, which, should they prove unconstitutional, may be disused, and still leave ample provisions for the prosecution of the offences created by said act.

Arrest by warrant is not prohibited by the act of March 15th, *supra,* nor is trial by jury; while the act expressly continues in force laws authorizing both.

The following sections of the Constitution, drawn from *Magna Charta*, are those supposed to be violated by some of the provisions of the act of March 15th, 1877:

" Sec. 11.    The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable

search or seizure, shall not be violated; and no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or thing to be seized.

" Sec. 13. In all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury, in the county in which the offence shall have been committed; to be heard by himself and counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face, and to have compulsory process for obtaining witnesses in his favor.

" Sec. 14. No person, in any criminal prosecution, shall be compelled to testify against himself."

As the case now before us, as we have said, was prosecuted under the provisions of the code, it is not incumbent upon the court, in deciding it, to designate with precision in what particulars the act of March 15th, 1877, violates the provisions of the constitution quoted, to specify what are " unreasonable " searches and seizures, etc. We leave this duty to be performed when a case of search or seizure shall come before the court.

Arrests without warrant in some cases have always been held not unreasonable, but exactly the entire list of such we shall not attempt to give. Preliminary trials, upon which commitments are made, are had without a jury, and final trials may be, if a jury is not claimed. How far the act in question attempts to confer powers beyond those heretofore exercised, will be left for determination when a case arises in which it may become necessary.

If we could be governed by the 55th clause of *Magna Charta*, in the election and appointment of officers, fewer abuses than otherwise might be apprehended from the execution of said act of March 15th. That clause, to which the English monarch pledged himself, is as follows:

"We will not make any justices, constables, sheriffs or bailiffs, but of such as know the law of the realm, and mean duly to observe it."

But as we. cannot hope, in the present state of society, to be certain of the protection of officers possessing the qualifications above mentioned, we must still depend upon a strict adherence to and enforcement of constitutional restraints.

The judgment is reversed.