## No. 10,281.

## TYLER, TOWNSHIP TRUSTEE, *v.* THE STATE, EX REL. WILSON.

DRAINAGE.—*Constitutional Law.— Repairs of Ditches.— Township Trustee.— State and Federal Constitutions.*—Sections 4282 and 4307, R. S. 1881, which in terms clothe the township trustee with autocratic powers in relation to the repairs of ditches or drains, are repugnant to and in conflict with the provisions of section 12 of the Bill of Rights, in the State Constitution, and of section 1 of article 14 of the Federal Constitution, and are therefore void.

From the Tippecanoe Circuit Court.

*T. B. Ward, J. R. Coffroth* and *T. A. Stuart,* for appellant.
*W. C. Wilson* and *J. H. Adams,* for appellee.

HOWK, J.—In his verified complaint, in this case, the appellee's relator alleged in substance, that it was the duty of the appellant, as trustee of Fairfield township, in Tippecanoe county, to keep in proper repair and remove obstructions from any and all ditches and drains in said township, theretofore constructed for the purpose of drainage, under any law then or theretofore in force in this State; that, pursuant to the act of March 11th, 1867, "to enable the owners of wet lands to

drain and reclaim them," etc., upon the application of one Samuel M. Bennett, then the owner of certain described real estate, to the board of commissioners of said county, a ditch or drain, particularly described, was opened and constructed, so that it drained and reclaimed the lands affected thereby; that the said ditch or drain had become obstructed and out of repair, so that it did not effectually carry off the water which accumulated therein, but such water was thrown back upon certain described real estate of the relator; that more than five months before the filing of his complaint, the relator had duly notified the said township trustee that the said ditch or drain was obstructed and out of repair; that, notwithstanding such notice, and although the said township trustee had been, during all that time, cognizant of the fact that such ditch or drain was and had been so obstructed and out of repair, he had wholly neglected and refused to repair said ditch or drain as he by law was required to do.' Wherefore the relator prayed that, by the mandate of the court, the appellant, as township trustee, might be required to proceed forthwith to repair and remove the obstructions from said ditch or drain, etc.

The appellant's demurrer to the relator's complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, was overruled by the court. To this ruling the appellant excepted, and then answered specially in a single paragraph. The relator's demurrer to the answer, for the alleged insufficiency of the facts therein to constitute a defence, was sustained by the court. The appellant excepted to this decision, and, declining to amend his answer or plead further, the court rendered judgment in the relator's favor, peremptorily requiring the appellant, as township trustee, to proceed forthwith to repair and remove the obstructions from the ditch or drain described in the relator's complaint, as prayed for therein, and for the costs of suit.

The following decisions of the circuit court are assigned as errors by the appellant:

1. In overruling his demurrer to the complaint; and,

2. In sustaining the relator's demurrer to the appellant's answer.

The fundamental question for decision in this case may be thus stated : Was or is it the duty by law of the township trustee to repair and remove obstructions from the ditches or drains in his township ? In sections 4282 and 4307, R. S. 1881, which sections contain the same provisions, expressed in the same language, and differ only in their respective numbers, it is provided that the township trustee of the township in which the ditch or drain is, or some part thereof, shall keep the same, or such part thereof, in proper repair and free from obstructions, so as to answer its purpose. These sections further provide, that, to raise the necessary money, the township trustee shall apportion and assess the cost of such repairs and removal of obstructions upon the lands which will be benefited thereby, "according to such benefits in his judgment ; " and that he shall make a statement of such assessment and deliver the same to the auditor of the county, who shall put the same upon the succeeding tax duplicate, and it shall be a lien upon the lands, and be collected in the same manner as State and county taxes.

If these sections could be regarded as constitutional and valid enactments, it would seem to be clear that it was and is the legal duty of the township trustee to keep the ditches or drains, or parts thereof, in his township "in proper repair and free from obstructions," so as to answer their purpose. In *Campbell* v. *Dwiggins, ante,* p. 473, these two sections, 4282 and 4307, were the subjects of full and careful consideration by this court, and it was held that they were repugnant to, and in conflict with, section 12 of the Bill of Rights, in the Constitution of this State, and that clause of section 1, of article 14, of the Federal Constitution, which provides in effect that no State shall "deprive any person of life, liberty, or property, without due process of law." The effect of these sections would be to deprive the owner of the lands assessed of his property to the extent, at least, of the amount of the

assessment, without notice of the proceeding to be had, and without a hearing or an opportunity to be heard at any stage of the proceeding, and, therefore, "without due process of law." For the reasons given in *Campbell* v. *Dwiggins, supra,* and upon the authorities cited in that case, we are of the opinion that sections 4282 and 4307 are unconstitutional and void. There is no other legislation of this State which makes it the duty of the township trustee to keep the ditches or drains, or parts thereof, in his township in proper repair and free from obstructions, so as to answer their purpose. It follows, therefore, that the relator's complaint did not state facts sufficient to constitute a cause of action, and the demurrer thereto ought to have been sustained. This conclusion renders it unnecessary for us to consider the question of the sufficiency of the appellant's answer, for even a bad answer is a sufficient answer to a bad complaint. *Ætna Ins. Co.* v. *Baker,* 71 Ind. 102.

The judgment is reversed, at the relator's costs, and the cause is remanded, with instructions to sustain the demurrer to the complaint, and for further proceedings in accordance with this opinion.