No. 10,924.

INGERMAN v. NOBLESVILLE TOWNSHIP.

DRAINAGE.—*Constitutional Law.*—*Repair of Ditches.*—*Township Trustee.*—So much of section 4282, R. S. 1881, as requires the township trustee to keep public drains in repair, and to pay the expense thereof out of the funds of the township, is constitutional and valid. *Campbell* v. *Dwiggins*, 83 Ind. 473, and *Tyler* v. *State, ex rel.*, 83 Ind. 563, distinguished.

From the Hamilton Circuit Court.

*F. M. Trissal, C. D. Potter, G. W. Paul* and *J. E. Humphreys,* for appellant.

*A. F. Shirts, G. Shirts, W. R. Fertig, A. D. Thomas, P. S. Kennedy* and *S. C. Kennedy,* for appellee.

NIBLACK, C. J.—Complaint by George W. Ingerman against Noblesville township of Hamilton county, averring that on the 13th day of April, 1882, one James Oldacre was duly elected, qualified and acting trustee of said township; that to pay the plaintiff for work performed by him in the year 1882, in cleaning out a ditch constructed under the drainage laws of this State, which improved a public highway of said township, the said Oldacre, as such trustee, issued to the plaintiff an order in writing, in words and figures as follows:

"TRUSTEE'S OFFICE FOR NOBLESVILLE TOWNSHIP,
"HAMILTON COUNTY, IND., April 13, 1882.

"This certifies that there is due George W. Ingerman, from this township, two hundred dollars and —— cents for cleaning out the Ingerman Ditch, payable as soon as there may be funds on hand.        JAMES OLDACRE,
"Trustee of Noblesville Tp."

That on the 8th day of July, 1882, the plaintiff presented said order for payment, and the said Oldacre made an endorsement thereon, that it should thereafter draw interest at the rate of six per cent. per annum, because of its non-payment; that said order still remained unpaid.

The defendant demurred to the complaint for want of sufficient facts to constitute a cause of action, and its demurrer was sustained. Final judgment was thereupon rendered in favor of the defendant upon demurrer.

Counsel inform us that the demurrer to the complaint was sustained upon the alleged ground that section 4282 of the Revised Statutes of 1881, upon which the plaintiff below based his claim for a recovery, has been held to be unconstitutional and void by the cases of *Campbell* v. *Dwiggins*, 83 Ind. 473, and *Tyler* v. *State*, 83 Ind. 563, and that, in consequence, there was no valid law to support the claim made by the complaint against the township. Section 4282, above referred to, has reference to work and repairs on ditches and drains already constructed, and so much of it as is material

to this cause was as follows: "After the construction of any such work the township trustee of such township in which the same is, or any part thereof, shall keep the same, or such part thereof, in proper repair and free from obstructions, so as to answer its purpose, and pay for the same out of the general township fund; and to raise the necessary money to reimburse that fund, he shall apportion and assess the cost thereof upon the lands which will be benefited by such repairs or removal of obstructions, according to such benefits in his judgment. He shall make a statement of such assessment, and deliver the same to the auditor of the county, who shall put the same upon the succeeding tax-duplicate, and it shall be a lien upon the lands, and be collected in the same manner as State and county taxes." Further details then followed as to the manner in which such assessments were to be made in cases in which lands in more than one township were to be assessed.

This section contained two separate and distinct provisions:

The first was for the repair of ditches and drains already constructed, and the payment of whatever repairs might be necessary out of the general fund of the proper township.

The second, for the reimbursement of the general township fund for the expenditures which might be thus incurred by the assessment of taxes upon the lands directly benefited by such repairs.

It was only the validity of this second provision that was involved in the cases of *Campbell* v. *Dwiggins* and *Tyler* v. *State, supra,* and nothing was said in either of those which had, or ought to be construed as having any proper application to the validity or invalidity of the first provision as above stated. The reasons assigned for holding the provision then in question inoperative and void have no pertinency to the first or preceding provision, which conferred no unusual or extraordinary powers upon township trustees, and constituted of itself a complete and independent provision, not in conflict with any restriction imposed by the Constitution to which our attention has been in any manner directed. It is

one thing to make disbursements out of the general township fund supplied by taxes collected generally from the taxable property of the township, and quite another thing to make a special and specific assessment of taxes to reimburse that fund on account of such disbursements.

In the case of *Clark* v. *Ellis*, 2 Blackf. 8, in which a statute was held to be in some respects unconstitutional, and in other respects valid, the court said: "We have heretofore decided that a part of an act of Assembly being unconstitutional, does not affect a constitutional part of the same act relative to the same subject. That part which is unconstitutional, is considered as if stricken out of the act; and if enough remains to be intelligibly acted upon, it is considered as the law of the land." This rule of construction has been since approved by this court and may be regarded as an established rule in this State. *Maize* v. *State*, 4 Ind. 342; *State* v. *Newton*, 59 Ind. 173.

Our conclusion is that the first provision of the section under discussion was a valid and effectual provision for the purpose for which it was ostensibly enacted, and obligatory upon all township trustees in whose townships ditches and drains had been constructed.

No inconvenience or injustice will probably result from the conclusion we have reached, since the section called in question in this case has been amended and re-enacted, with a view of curing the defects held to exist in it by the cases of *Campbell* v. *Dwiggins* and *Tyler* v. *State, supra*. Acts 1883, p. 173, section 7.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

### ON PETITION FOR A REHEARING.

NIBLACK, C. J.—The argument submitted in support of the petition for a rehearing in this case does not controvert the general legal propositions announced in the foregoing

opinion. It is only contended that those general propositions are not applicable to the facts presented in this case; that the application we have made of those propositions is in manifest opposition to the intention of the Legislature in enacting the section of the statute held to be valid in some respects and invalid in others, and is, in its practical effect, new legislation and not judicial construction.

The controlling object which the Legislature evidently had in view in the enactment of the section was the keeping in repair a class of ditches and drains which had been constructed by a system of taxation and upon the theory that they were in some one of several ways promotive of the public interest. R. S. 1881, section 4274. The proper township trustee, as a public officer, was required to use the general township fund in making, or causing to be made, the necessary repairs.

We thought at the former hearing, and, upon further consideration, still think, that so much of the section as enjoined this public duty upon the several township trustees of the State was separate and distinct from, and complete without, the provision which followed for the reimbursement of the general township fund, and might be enforced notwithstanding the invalidity of the provision for reimbursement.

If the act of March 8th, 1883, does not make adequate provision for the reimbursement of the townships on account of repairs on ditches and drains, it is still within the power of the Legislature to supply the omission, and we assume that it will do so. *State* v. *Newton,* 59 Ind. 173; Cooley Const. Lim. 177.

The petition for a rehearing is overruled.

HOWK, J., dissents.