INDIANAPOLIS BREWING COMPANY *v.* CLAYPOOL ET AL.

[No. 18,311. Filed Nov. 5, 1897. Rehearing denied Dec. 17, 1897.]

CONSTITUTIONAL LAW.—*Board of Park Commissioners.—Tenure of Office.*—The provision of the act approved March 1, 1895, sections 4246–4268, Thornton's R. S. 1897 (Acts 1895, p. 63), creating a department of public parks in cities having a population of more than 100,000, that the board of park commissioners shall hold office for the term of five years, is in violation of the inhibition of section 2, article 15, of the state constitution, that "the General Assembly shall not create any office the tenure of which shall be longer than four years," and the remainder of the act is inoperative for the reason that there are no instrumentalities left with which to carry the provisions thereof into operation and effect.
MONKS and JORDAN, JJ., dissenting.

From the Marion Circuit Court. *Reversed.*

*Baker & Daniels,* for appellant.

*John W. Kern, James B. Curtis* and *Joseph E. Bell,* for appellees.

MCCABE, C. J.—The legislature of 1895 passed an act approved March 1, 1895, entitled "An act to establish a department of public parks in cities having more than one hundred thousand population, according to the last preceding United States census, and a board of park commissioners, defining the powers and duties of such board and matters connected therewith, and declaring an emergency." Sections 7240-7261 Horner's R. S. 1897, (Acts 1895, p. 63). The appellant brought suit against the appellees, who are the acting members of said board, and certain other officers appointed by the circuit court at the instance

of said board, under the provisions of said act, to en-
join them from further acting by virtue of any au-
thority conferred on them by said act.  The circuit
court sustained a demurrer to the complaint for want
of sufficient facts; and, the plaintiff refusing to plead
further or amend its complaint, the court rendered
judgment that the plaintiff take nothing by its suit.
That ruling is called in question by the assignment of
errors as the only error complained of by the appel-
lant.  The ground on which the complaint seeks an in-
junction is that the act is unconstitutional.  The first
section thereof provides, *inter alia*, that in all cities of
100,000 inhabitants, as shown by the last preceding
United States census, in addition to the executive de-
partments now established by law in such cities, there
is hereby established, as one of the executive depart-
ments of such city, a department of public parks,
which shall be under the control of a board of five
members, to be appointed by the mayor of such city,
to be known as the "Board of Park Commissioners,"
and who are required to serve without compensation
except their actual expenses.  They are each required
to take an ordinary official oath before entering upon
the discharge of the duties of their offices respectively.
The second section provides that the first members of
said board shall hold office respectively, one, two,
three, four, and five years from and after the first day
of January, 1895, and annually thereafter the mayor
shall appoint one such commissioner to hold office for
the term of five years, beginning with the first day of
January in the year of his appointment; and if any
vacancy occurs in said board by resignation or other-
wise, the mayor shall appoint one or more commission-
ers for the residue of the term, or terms.  The com-
plaint alleges *inter alia:* That plaintiff is the owner
of ten and one-half acres of land within the corporate

limits of the city of Indianapolis, which land is partic-
ularly described; and that the then mayor, the Hon-
orable C. S. Denny, appointed the defendants Clay-
pool and Perry and three other persons, namely Frank
A. Maus, William H. Leedy, and Henry Clay Allen, as
a board of park commissioners of said city, who all
qualified by taking the official oath; that thereafter
said Maus resigned and said mayor appointed Sterling
R. Holt in said Maus' place. That said Holt qualified
in like manner, and he afterwards, upon the expiration
of his term, was reappointed January 1, 1896, That
said William H. Leedy resigned, and the then mayor,
the Honorable Thomas Taggart, appointed in his
place Albert Lieber, who qualified by taking the offi-
cial oath, and upon the expiration of his term was
reappointed January 1, 1897. That thereafter the said
Henry Clay Allen resigned as one of said board, and
said last mentioned mayor appointed in the place of
said Allen, William E. English, who also qualified by
taking the oath of office. That Claypool's appoint-
ment dates from his qualificaton, April 20, 1895; Oran
Perry's from March 13, 1895; Sterling R. Holt's reap-
pointment from January 1, 1896; Albert Lieber's reap-
pointment from January 1, 1897; and William E. Eng-
lish's appointment from December 11, 1896. That
the respective terms of said appointees would ex-
pire under the statute and said appointments as
follows: Edward Claypool on January 1, 1898; Oren
Perry on January 1, 1900; Sterling R. Holt on Jan-
uary 1, 1901; Albert Lieber on January 1, 1902; and
William E. English on January 1, 1899.

That after said defendants had qualified as afore-
said, and assumed to discharge the duties and exercise
the powers devolved on them by said act, they gave
out that they will continue to exercise such powers as
aforesaid, and they selected for the purpose of public

parks, along with real estate of other owners, the real estate hereinbefore described, and, pursuant to said act procured the Marion Circuit Court to appoint the defendants Joseph Flack, Charles E. Coffin, and Daniel Burton as assessors to assess damages and benefits to the owners of the property, aforesaid, proposed to be taken for public parks, and property beneficially affected by such public parks. That said assessors accepted said appointments, and, as provided in said act, they are now publishing in the Sun newspaper a notice to this plaintiff and the other owners of real estate to be affected, that they will on June 23, 1897, begin the assessment of said real estate for the aforesaid purposes. That the aforesaid park commissioners give out that, after said assessment shall have been made, they will proceed, in accordance with said act, to apply to the circuit court for the confirmation of such assessment, and thereupon to determine what, if any, part of the damages awarded shall be paid out of the funds set apart for the use of said board of park commissioners by the common council for such purpose, to the end that, in pursuance of section twenty-two of said act, the title of said real estate shall become fixed and vested in said city for the purposes of public parks. Similar allegations are made as to the assessment of benefits by said assessors. That said proceedings and acts of said board and said assessors are taken without warrant or authority of law, for the reason that said act of the legislature is unconstitutional and void.

The first reason urged for the unconstitutionality of the act is that it is an amendment of the act approved March 6, 1891, concerning the incorporation, etc., of cities of more than 100,000 population, and does not, as required by section twenty-one of article four, of the constitution, set forth and publish at full

length the act as revised or section as amended. But the recent case of *State* v. *Gerhardt*, 145 Ind. 439, and cases there cited, settled the law that the statute in question was not an amendment of the act referred to. But a much more serious question is presented by appellants' contention that the act violates the last clause of section two of article fifteen of our state constitution (section 224, Burns' R. S. 1894; 224, R. S. 1881), providing that "the General Assembly shall not create any office the tenure of which shall be longer than four years." We approach the consideration and decision of that question fully impressed with the delicacy of the task, and that the well settled rule that requires us to solve all doubts in favor of the action of the legislature is salutary and wholesome; and yet the solemn duty of declaring an act of the legislature or a part thereof, void, because of its plain and unquestionable violation of an inhibition in the constitution, is equally imperative. To permit such an act or a part thereof to escape judicial condemnation, and to stand as law, is fraught with as much danger to the perpetuity of our republican form of government as the overthrow of statutes by judicial power merely because the court doubts their constitutionality. It appears from the facts stated in the complaint, and admitted by the demurrer, that only two of the present five members of the board of park commissioners have a term of office which does not exceed the constitutional limitation of four years. Three of them are serving on a five years' term under section two of the act. If the legislature could not create such an office, under the constitution, then there is no such office and hence no such officer; and as was said in *Clem* v. *State*, 33 Ind. at page 423, "there was no warrant of law to elect or appoint one, and there could be no such officer *defacto*, much less *de-*

*jure.*" But counsel for appellees, admitting the force of the constitutional restriction and the case from which we have quoted, seek to avoid such force by contending that that constitutional inhibition does not apply to the offices in question here, because the framers of the constitution had only in mind and therefore only meant, the restriction to apply to such offices as were at that time in existence, and, there having been no such office then in existence, nor in contemplation as park commissioners, they had no idea, as is contended, of limiting the tenure of such an office, by the restriction mentioned. That argument proves entirely too much if it proves anything. If the framers of the constitution only meant the restriction to apply to offices then in existence, it is fair to say that it was not intended to apply to any, because the restriction is that the General Assembly shall not create any office, etc. The creation of a thing already in existence is an impossibility. It is not likely that the framers of the constitution meant to provide for such an absurdity. They meant just what they said, and said just what they meant, namely that the legislature "shall not create any office the tenure of which shall be longer than four years." That language embraces every office the legislature could possibly create or attempt to create by legislative enactment, whether it was such as was then in existence or such as was entirely new and unheard of before. The construction contended. for by the appellees would amount to a complete abrogation of the constitutional restriction by judicial and legislative action. It would enable the legislature to enact laws providing new officers in the place of all offices then in existence outside of those mentioned in the constitution, giving to each a life tenure. In our opinion no such intent was entertained by the

authors of the constitution. It is further contended that the park commissioners are required to serve without compensation. Appellee's counsel do not say that that circumstance deprives the commissioners of their character as officers. If it did, appellees would fail, because the act provides some compensation for them, namely, their expenses. It is the creation of an office with a certain tenure that is forbidden. Webster defines the word "office" to be "a special duty, trust, or charge, conferred by authority and for a public purpose; an employment undertaken by the commission and authority of the government, as civil, judicial, executive, legislative, and other offices."

Burrill's Law Dictionary defines the word "office" to mean "A position or station in which a person is employed to perform certain duties, or by virtue of which he becomes charged with the performance of certain duties, public or private; a place of trust." From these definitions, and we think they are correct, it is quite apparent that compensation is not indispensable to the existence or creation of an office within the meaning of the constitution. So that the office of park commissioner is an office, within the meaning of the constitutional restriction quoted.

It is next contended in avoidance of the applicability of the constitutional restriction, that four members of the board were appointed in 1895, whose terms of office will not expire until January 1, 1899, and as contended by appellees according to the provisions of the act, "are, and always have been, a legal board," a majority of the board constituting a quorum, and authorized by section six to take action that is binding. We are unable to perceive the force of this contention or understand the same. If it has any force it must be derived from facts not alleged in, nor disclosed by the

complaint. This being a case where a judgment was rendered upon demurrer to the complaint and that ruling alone being presented for review, we have nothing to do with any other facts than those alleged in the complaint, and such facts as the law requires us to take judicial cognizance of. It requires us to take judicial notice of the existence and terms of the statute and the constitution.

The facts are disclosed in the complaint that in the spring of 1895, soon after the passage of the act in question the mayor of Indianapolis appointed five park commissioners to serve one, two, three, four, and five years, respectively, from January 1, 1895. That made the term of the one-year commissioner expire on January 1, 1896, and his successor then appointed, and now in office, under the provisions of section two of the act, under a term of five years, running till January 1, 1901. The term of the two-year commissioner appointed in 1895 expired January 1, 1897, when he was reappointed as his own successor, and is now in office, the term of which, under section two of the act, and his reappointment, is five years, expiring January 1, 1902. And the term of the five-year commissioner appointed in 1895, and now in office, expires January 1, 1900, making, according to the allegations of the complaint, three of the defendants in office under a five-year term or tenure, by virtue of section two of the act. Appellees' contention that four of the members appointed in 1895 hold four-year terms, and therefore are and always had been a legal board under section six, making a majority a quorum authorized to do binding acts, is contrary to the facts alleged in the complaint, even if that fact, would constitute such majority a legal board.

It is next contended that section two is valid because the constitutional inhibition only operates to

limit the terms of the several park commissioners to four years, respectively. It is tacitly conceded that, if the restriction cannot be obviated in this way, section two must fall, as a palpable violation of the constitution. This ground of upholding that part of the section other than the tenure clause is based on the famliar principle in constitutional law that a statute may be good in part, and in part void, because unconstitutional. That part fixing the term at five years, it is in effect insisted, may be declared void, and the balance of the section stand. To support this contention, counsel quote from *Clem* v. *State, supra,* as follows: "The question is as to the application of this restriction. Does it in the case in hand render the creation of the office a void act?   *   *   *   But we are of opinion that the restriction cannot be held to apply where, as in this case, no tenure is fixed. The preceding part of the section provides, that 'when the duration of any office is not provided for by this constitution it may be declared by law; and, if not so declared, such office shall be held during the pleasure of the authority making the appointment.' This language seems to be conclusive in support of the position that an office may be created by law though its duration be not fixed, as in this case. If fixed at a longer term than four years by the act creating it, there would then be a question whether the creation of the office was not void, or whether valid, but its tenure limited to four years by force of the constitution." This is as much, if not more, against appellees' contention than for it. It not only suggests the query whether the question raised by their contention shall be decided for or against them, but it furnishes a basis for reasoning out the question against appellees. It is to be observed that it is not the tenure of more than four years that is prohibited, but it is the creation of an

office the tenure of which shall be longer than four years. The forbidden act is the creation of the office of the particular description given, as much as the inhibition of more than four years' tenure. It would seem, therefore, that it is the creation of the office that is void, as much, if not more, than the act of affixing a tenure of more than four years. If the language were: "No office created by the legislature shall have a longer tenure than four years," we should have a very different question to decide.

Our attention has been called to a decision of the supreme court of Kansas upon a constitutional provision precisely like our own, wherein it is claimed a different conclusion was reached by that court. *Lewis* v. *Lewelling,* 53 Kan. 201, 36 Pac. 351. The report of the case is so meager that it is not easy to understand the reason, if there was any reason, for the conclusion indicated. The only reason assigned for the conclusion reached is the decision of the supreme court of California cited. The whole of what the supreme court of Kansas said upon that branch of the case is as follows: "The provision in section 4 permitting officers to be commissioned for a term of five years is violative of section 2, article 15, forbidding the legislature to create any office the tenure of which is longer than four years. Military officers are within the provisions of the constitution. Where the statute fixes a term of office at such a length of time that it is unconstitutional, the tenure thereof is not declared, and therefore the office is held during the pleasure of the appointing power. *People* v. *Perry,* 79 Cal. 105, 21 Pac. 423."

No reason is assigned by the Kansas supreme court why the constitutional inhibition forbidding the Kansas legislature to create any office of a certain tenure did not render the forbidden act void. The forbidden

act there, as here, was the creation of the office, in plain language of unmistakable meaning. That great jurist, Judge Cooley, in his Constitutional Limitations, with great clearness and force, states the rule for construing the language of a constitution, at pages 69 and 70, thus: "The object of construction, as applied to a written constitution, is *to give effect to the intent of the people in adopting it.* In the case of all written laws, it is the intent of the lawgiver that is to be enforced. But this intent is to be found in the instrument itself. It is to be presumed that language has been employed with sufficient precision to convey it, and unless examination demonstrates that the presumption does not hold good in the particular case, nothing will remain except to enforce it. 'Where a law is plain and unambiguous, whether it be expressed in general or limited terms, the legislature should be intended to mean what they have plainly expressed, and consequently no room is left for construction.' Possible or even probable meanings, when one is plainly declared in the instrument itself, the courts are not at liberty to search for elsewhere. 'Whether we are considering an agreement between parties, a statute, or a constitution, with a view to its interpretation, the thing which we are to seek is *the thought which it expresses.* To ascertain this, the first resort in all cases is to the natural signification of the words employed, in the order of grammatical arrangement in which the framers of the instrument have placed them. If, thus regarded, the words embody a definite meaning, which involves no absurdity and no contradiction between different parts of the same writing, then that meaning, apparent on the face of the instrument, is the one which alone we are at liberty to say was intended to be conveyed. In such a case there is no room for construction. That which the words de-

clare is the meaning of the instrument, and neither courts nor legislatures have a right to add to or take away from that meaning.'" The constitution like our own, in this particular contains no contradiction of the plain meaning of the words employed, and such meaning involves no absurdity; and hence, by this salutary rule, the language ought to be given its full force and meaning.

As the Kansas supreme court gave no reason why such language should not be given its full force and meaning, except to cite the California case, we must assume that the reasoning in that case is the only reason on which the Kansas court reached its conclusion. But, when we examine the case, we find that it furnished no reason whatever for the Kansas decision, on account of the radical difference in the constitutional provisions of California and Kansas. The provision as it stood in both the old and new constitution of California received the consideration of the California supreme court in that case. That in the old reads thus: "Nor shall the duration of any office not fixed by the constitution ever exceed four years;" and in the new constitution it was: "But in no case shall such term exceed four years." This language in no way forbids the creation of the office with a tenure exceeding four years, but simply limits the tenure of all offices created by the legislature to four years. This language fully justified the conclusion reached by the California supreme court. But it furnished no reason whatever for the decision of the Kansas supreme court, under a constitution, as ours, forbidding the creation of the office with a tenure exceeding four years. If the act was forbidden then, it was, in so far as it created the office, in violation of the constitution. It therefore appears that the Kansas decision is in plain violation of the constitution of that state and

rests on no reason whatever. Such a decision we ought not and cannot follow.

It would seem to follow that so much of sections one and two of said act as creates the office of park commissioner with a tenure of five years is in violation of the constitution, and void. All the balance of the act is inoperative, for the sole reason that there are no instrumentalities left with which to carry them into operation and effect.

It results that the defendants are doing acts affecting the plaintiff's rights that they have no authority of law to do, because there is no such office, the duties of which they claim to be exercising. Hence, the complaint stated a good cause of action, and the circuit court erred in sustaining a demurrer thereto.

The judgment is reversed, with instructions to overrule the demurrer, and for further proceedings not inconsistent with this opinion.

### DISSENTING OPINION.

MONKS, J. (dissenting).—I dissent fom the conclusion reached in the prevailing opinion. It is held by a majority of the court that said act is unconstitutional, because it violates section two, article fifteen of the constitution (section 224, Burns' R. S. 1894, 224, R. S. 1881), which provides that "When the duration of any office is not provided for by this constitution, it may be declared by law; and if not so declared, such office shall be held during the pleasure of the authority making the appointment. But the General Assembly shall not create any office the tenure of which shall be longer than four years." It is clear that members of the park board are within the provisions of said section of the constitution. It is equally clear, I think, that the purpose of said section was to prohibit the legislature from fixing the tenure of an office

created by that body at a longer period than four years. The duration or tenure of office, and not the creation of the office by the legislature, is the subject of said section. Fixing the tenure of an office at more than four years is prohibited by said section, but not the creation of the office.

In *Lewis* v. *Lewelling*, 53 Kan. 201, 36 Pac. 351, the legislature had passed an act providing for the organization and government of the militia of the state, and creating and fixing the tenure of office of certain military officers at five years. Section two, article fifteen, of the Kansas constitution of 1859, is substantially the same as section two, article fifteen, of the constitution of this State. The court held, not that the creation of the office was unconstitutional, but that fixing the tenure of office at more than four years was unconstitutional. The court said: "The provision in section 4 permitting officers to be commissioned for a term of five years is violative of section 2, article 15, forbidding the legislature to create any office the tenure of which is longer than four years. Military officers are within the provisions of the constitution. Where the statute fixes a term of office at such a length of time that it is unconstitutional, the tenure thereof is not declared, and therefore the office is held only during the pleasure of the appointing power."

It is evident that section two of the act in controversy, so far as it fixes the tenure of office of the members of said park board at five years, is unconstitutional. It is settled, however, by a long and unbroken line of decisions in this State, that if the unconstitutional portions of a statute can be stricken out, and still leave a complete statute, the unconstitutional portions must be regarded as eliminated, and the remainder of the statute must be enforced. *Taggart, Aud.,* v. *Claypool,* 145 Ind. 590, 593, 594, 32 L. R. A.

586; *State* v. *Gerhardt*, 145 Ind. 439, 33 L. R. A. 313; *Smith* v. *McClain*, 146 Ind. 77, 89; *City of Indianapolis* v. *Bieler*, 138 Ind. 30, 38; *Ingerman* v. *Noblesville Township*, 90 Ind. 393, 396; *State, ex rel.*, v. *Gorby*, 122 Ind. 17, 29; *State, ex rel.*, v. *Blend*, 121 Ind. 514, 521, 522; *State* v. *Newton*, 59 Ind. 173; *Clark* v. *Ellis*, 2 Blackf. 8.

The legislative purpose in passing the act in controversy was to create a park system for cities of over 100,000 population, and the tenure of office of the members of the board of park commissioners was a mere incident. That system could exist with a park board whose tenure of office was not fixed, as well as if the tenure was fixed at four years or less. Striking down the part of section two fixing the tenure at five years does not change or interfere with the provision of any other section, or change the meaning of any other section of said law, but leaves a complete statute capable of enforcement. The other sections mean the same, and will have the same effect after that part of section two fixing the tenure of office is eliminated as before. The other sections in no way depend upon that part of section two, but are entirely independent of the same. The purpose being to create a park system, the tenure of office was not important, and it can not properly be said that the legislature would not have passed said act if the tenure of office had not been fixed at five years. Much rather is it to be presumed that the act would have passed if the tenure had been fixed at four years or less, or had not been fixed at all.

If it can be said in this case that the legislature would not have adopted said park act without the eliminated portion of section two, this court should have said in all the other cases cited above that the acts there in controversy would not have been passed

if they had known that the parts or sections in controversy would be adjudged unconstitutional. Many, if not all the cases cited above, go further to sustain laws, parts of which were declared unconstitutional, than is necessary in this case.

It follows, therefore, that, eliminating the part of section two of said act concerning the tenure of office, the remainder of the act is constitutional. Considering said act with the unconstitutional part eliminated, the legislature has failed to fix the tenure of office of the members of the park board, and that, therefore, the term of office, under section two, article fifteen, of the constitution, is during the pleasure of the mayor. *People* v. *Perry,* 79 Cal. 105, 114, 115, 21 Pac. 423.

The judgment should be affirmed.

JORDAN, J., concurs.