THE STATE v. RAY ET AL.

[No. 19,024.    Filed October 25, 1899.]

CRIMINAL LAW.—*Bribery.*—*Gravel-Road Engineer.*—*Indictment.*—In a prosecution charging defendants with a conspiracy to bribe a gravel-road engineer appointed under the act of 1895 (Acts 1895, p. 143), defendants will not be permitted to raise the question of whether or not the engineer was an officer *de jure. pp. 334-336.*

STATUTES.—*Elimination of Part.*—*Constitutional Law.*—*Gravel-Road Engineers.*—That part of the act of 1895 (Acts 1895, p. 143) relative to the appointment of gravel-road engineers, which authorizes the appointment of a person not an elector of the county, may be stricken therefrom and leave the statute complete and constitutional. *p. 336.*

CRIMINAL LAW.—*Bribery.*—*Gravel-Road Engineer.*—*Officer De Facto.*—Persons entering into a conspiracy to bribe a gravel-road engineer in violation of §2260 Burns 1894 are guilty of a crime under said section whether such engineer was an officer *de jure* or *de facto. p. 336.*

From the Lawrence Circuit Court.    *Reversed.*

*J. A. Zaring, McHenry Owen, S. B. Lowe, W. L. Taylor,* Attorney-General, and *Merrill Moores,* for State.

*Matson & Giles, Edwards & Edwards* and *Hottell & Lawler,* for appellees.

MONKS, J.—The indictment is based upon §2260 Burns 1894, §2139 R. S. 1881 and Horner 1897, and charges that appellees conspired together to bribe one William Duncan, a person holding an office of trust and profit under the laws of this State, to wit, the office of engineer of gravel roads in Lawrence county.    Motion to quash was sustained and the State appeals.

Section 2096 Burns 1894, §2009 R. S. 1881 and Horner 1897, provides that "Whoever corruptly gives, promises or offers to any" person holding any office of trust or profit under the laws of this State "either before or after his election, qualification, appointment, or employment, any money or valuable thing; or corruptly offers or promises to do any act beneficial to any such person, to influence his action, vote,

State *v.* Ray.

opinion, or judgment in any matter pending or that might legally come before him; * * * shall, upon conviction thereof, be imprisoned in the state prison, etc."

There are several acts of the legislature under which gravel roads have been and may be constructed, repaired, or purchased, and all provide for the appointment of a competent engineer or surveyor to perform certain duties. §§6856, 6880, 6904, 6924, 6935, 6941, 6953 Burns 1894; 6924 Burns, Supp. 1897, §§5092, 5114a, 5114l, 5114ff, 5114tt, 5114ccc Horner 1897.

Section 6924 Burns Supp. 1897, §5114ccc Horner 1897, however, provides that, when the gravel road is constructed under that act, the board of county commissioners shall "appoint a surveyor or engineer, or both if necessary, of such county, if such there be in said county, if not any that can be procured elsewhere in the State."

Appellees insist that said section did not create an office, but provided for a mere employment; but that if said section did create the office of engineer or surveyor of gravel roads, the same is in violation of §§4 and 6 of article 6 of the Constitution, because it authorizes the appointment of a person not an inhabitant or elector of the county. Said §4 provides, "No person shall be elected or appointed as a county officer who shall not be an elector of the county; nor any one who shall not have been an inhabitant thereof during one year next preceding his appointment, if the county shall have been so long organized." Said §6 provides that "All county, township, and town officers shall reside within their respective counties, townships, and towns; and shall keep their respective offices at such places therein, and perform such duties as may be directed by law."

In *State* v. *Duncan, ante,* 318, it was held that the legislature had ample authority to create the office of engineer of gravel roads, and that the same was an office of trust and profit under the laws of this State within the meaning

of §2096 (2009) *supra*, defining the offense of bribery and fixing the punishment therefor, and that one who was appointed to saïd office and accepted the same and qualified and acted under such appointment, was an officer *de facto*, whether he was an elector of the county or not, and without regard to where he resided, and would not be permitted when he was prosecuted for bribery as such officer to raise the question whether or not he was an officer *de jure*.

It is clear that if the officer *de facto* in such case could not raise the question of whether or not he was an officer *de jure*, that appellees who are charged with a conspiracy to bribe him would not be permitted to do so. *State* v. *Gardner*, 54 Ohio St. 24, 31 L. R. A. 660; *Florez* v. *State*, 11 Tex. App. 102. It is evident, however, that the part of said §6924 (5114ccc), *supra*, which authorizes the appointment of a person not an elector of the county and an inhabitant thereof, during the year immediately preceding his appointment, may be stricken therefrom and leave a complete statute which creates the office of engineer or surveyor of gravel roads. It follows, therefore, that said act and the remainder of said section, after eliminating the part mentioned, is constitutional, and creates the office of engineer or surveyor of gravel roads. *Taggart* v. *Claypool*, 145 Ind. 590, 593, 594, 32 L. R. A. 586; *Smith* v. *McClain*, 146 Ind. 77, 89; *City of Indianapolis* v. *Bieler*, 138 Ind. 30, 38, 36 L. R. A. 859; *Ingerman* v. *Noblesville Tp.*, 90 Ind. 393, 396; *State* v. *Gorby*, 122 Ind. 17, 29; *State* v. *Blend*, 121 Ind. 514, 521, 522; *State* v. *Newton*, 59 Ind. 173; *Clark* v. *Ellis*, 2 Blackf. 8; *Penniman's Case*, 103 U. S. 714; *Presser* v. *Illinois*, 116 U. S. 252, 6 Sup. Ct. 580.

Whether William Duncan was a *de facto* or *de jure* officer was not therefore material, for the reason that if he was either, and appellees entered into a conspiracy to bribe him in violation of §2260 (2139), *supra*, they are guilty of a crime under said section.

What we have said disposes of all the objections urged to the indictment. The judgment is therefore reversed, with instructions to overrule the motion to quash said indictment, and for further proceedings not in conflict with this opinion.