JOHN C. DEVOY, Respondent, v. THE MAYOR and AL-
DERMEN OF NEW YORK, Appellants; CARL HAR-
BECK, Respondent, v. SAME, Appellants.

*Transfer of Powers of one Officer to another, void when—Constitution, Art.* 10.

To authorize the legislature under the present constitution to transfer the
powers of one officer to another and distinct officer, the officer to be appointed
must be an officer of a new district or division, and not merely local in the
scope and performance of his duties and functions, therein superseding some
existing local officer. The office of police clerk in the city of New York is
not a new creation of the law-making power. It existed before the consti-
tution.

THESE cases involve substantially the same questions. The
Appellants sued, respectively, as assignees of portions of the salary
of Edwin Bouton, a clerk in one of the Police Courts in the city
of New York. One of the causes was tried before Judge
James, in the Supreme Court, and the other before Judge Monell,
in the Superior Court. The Plaintiffs in each recovered, and the
judgments were respectively affirmed at General Term. It was
proved that Bouton was appointed Clerk of the First District
Police Court, on the 31st of December, 1857, by a resolution of
the Mayor and Board of Aldermen, adopted in pursuance of the
authority conferred by chapter 293 of the Laws of 1855; that he
took the official oath, and filed the usual bond; that he discharged
the duties of the office, and demanded from time to time his
monthly salary, which the Comptroller refused to pay. Other
evidence was given bearing on questions presented to the courts
below, which it is not material to state, as the only question raised
in this Court was as to the effect of the Act of April 15, 1857,
which purported to transfer the power of appointing the Police
Court Clerks to the Metropolitan Board of Police (2 Laws of
1857, 211, 212). The cases are reported in 39 Barbour, 169, and
10 Bosworth, 366.

*Richard O'Gorman* for Appellants.
*Felix Hart* for Respondents.

PORTER, J.—The officer in whose right the Respondents recovered was appointed by the city authorities. The claims were well founded, unless the power of the Mayor and Aldermen to make the appointment was divested by the following provision in the 20th section of the Metropolitan Police Act: "The Board of Police shall appoint all court clerks, prescribed to the judicial districts in which Police Justices are elected in the city and county of New York, and it shall designate the courts at which they shall do duty respectively" (2 Laws of 1857, 211, 12). The validity of this clause of the act depends upon the question, whether the office of Police Court Clerk, in that city, existed at the time the present constitution was adopted. If it did, the provision is in conflict with the second section in the tenth article of that instrument. The duties of the office in question are strictly local. In respect to the members of the police force proper, there is an extension of jurisdiction beyond the bounds of the city and county, which makes them officers of a new civil division of the State; but we have held that where there is no such extension of territorial authority, the office retains its local character, within the meaning of the constitution. Our views on this subject were expressed with great clearness by Judge Davis, who delivered the opinion of the Court in the case of The People v. Pinckney. "It is manifest that the officer to be appointed, to be within the power reserved to the legislature, must be an officer of the new district division, and not merely local in the scope and performance of his duties and functions, and therein superseding some existing local officer. He must be a district officer, in the sense of his functions and authority, and not merely in name, with no powers or duties beyond a previously organized locality" (32 New York, 382). Our public statutes furnish conclusive evidence that the office of Police Clerk in the city of New York is not a new creation of the law-making power. It existed long before the constitution; and there has been no substantial change, either in the official title, or in the functions or duties of the incumbent (Laws of 1833, 14, § 22; Laws of 1844, 471, § 14; Laws of 1848, 249, §§ 8 and 9; Laws

of 1851, 958, § 9; Laws of 1852, 471, § 3; Laws of 1855, 502, § 1; Laws of 1857, 197, § 1; 2 id. 212, § 20).

It follows from the principles settled in our former decisions that the clause in the Act of 1857, transferring the power of appointing Police Court Clerks to the Board created by that act, is in conflict with the constitution, and cannot be upheld (People v. Pinckney, 32 New York, 382, 386; People v. Metropolitan Police Board, 19 id. 195, 199; People v. Draper, 15 New York, 539).

The repealing clause in the statute is applicable only to laws inconsistent with its operative provisions.

The judgments should be affirmed.

All the judges concurring except Hunt, J., who was for reversal. Judgment affirmed.

<div style="text-align:right">

JOEL TIFFANY,<br>
State Reporter.