IN THE MATTER OF THE PETITION OF MARY H. LESTER, TO VACATE AN ASSESSMENT AND SALES FOR AN ASSESSMENT, &c.

*Section 27 of chapter 383 of 1870—when the court will vacate the sale, but not the assessment upon which it was founded—chapter 308 of 1861, creating the board of revision and correction of assessments, is constitutional.*

Section 27 of chapter 383 of 1870, providing that no assessment shall be vacated "by reason of fraud or irregularity in the proceedings to collect the same, by sale of the assessed premises, but upon proof of such fraud or irregularity such sale shall be set aside, and the respective rights and liabilities of the assessed persons and of the mayor, &c., shall become and be the same as if such sale had not been made," has not been repealed, and it is still the duty of the court in a proper case to vacate the sale and refuse to vacate the assessment.

Chapter 308 of 1861, transferring to a board of revision and correction of assessments. consisting of the comptroller, the corporation counsel, and the recorder, the power to confirm assessments previously possessed by the common council, is constitutional and valid.

APPEAL from order of a Special Term, vacating a sale, but refusing to vacate the assessment upon which it was based.

The objections to the assessment were that it had never been confirmed by the common council, and that upon the sale under the assessment, interest was charged from the date of the confirmation of the assessment on November 22, 1871, instead of from the date of the entry of the title of the assessment in the record of the titles of the assessments confirmed, and kept in the office of the clerk of arrears, which last date was January 10, 1872.

Upon the hearing below the court vacated the sale, and refused to vacate the assessment.

*W. C. Trull* and *E. M. Neville,* for the appellant.

*F. L. Stetson,* for the respondent. The board for the revision and correction of assessments is a constitutional body. (*Matter of Roberts,* 17 Hun, 559.) The twenty-seventh section of the act, chapter 383, of the Laws of 1870, was not repealed by the act, chapter 312, of the Laws of 1874. (*Matter of Voorhis,* 5 T. & C., 345–348; *Matter of Rae,* 5 Hun, 456; *Matter of Hebrew Asylum,* 10 Hun, 116; *Matter of St. Joseph's Asylum,* 69 N. Y., 356; *Matter of Auchmuty,* 18 Hun, 324.)

DAVIS, P. J.:

The court below vacated the sale made under the assessment, but denied the motion to vacate the assessment. From that denial this appeal is taken. It is urged on the part of the appellant that under the provisions of chapter 312 of the Laws of 1874, where good grounds are shown for vacating a sale, the assessment under which it is made must also be set aside. If this construction of the act were a tenable one, it would be so manifestly unjust that courts would be extremely unwilling to accept it. There would be neither justice nor good sense in holding that an error in the proceedings to collect a lawful assessment should operate to invalidate the assessment itself.

But the provisions of section 27, of chapter 383, of the Laws of 1870, do not appear to have been repealed. One of those provisions is that "no assessment shall be vacated pursuant to the said act hereby amended, by reason of fraud or irregularity in the proceedings to collect the same by sale of the assessed premises; but upon proof of such fraud or irregularity, such sale shall be set aside, and the respective rights and liabilities of the assessed persons and of the mayor, aldermen and commonalty of the city of New York, shall become and be the same as if such sale had not been made." (See Laws of 1870, ch. 383, pp. 903, 904.) It was right, therefore, to vacate the sale alone, leaving the assessment to stand in full vigor, as was done by the Special Term.

The only objection made to the assessment is that it was not confirmed by the common council, but by the board for the revision and correction of assessments. It is asserted that the act transferring the power of revision and confirmation to the board of revision and correction is in violation of article 10, section 2, of the constitution of the State.

We see no force in this objection. The power is transferred from one body of local officers to another local body, and it is clearly in the power of the legislature to do that. (*Devoy* v. *The Mayor*, 36 N. Y., 449; *People* v. *Pinckney*, 32 Id., 382; *Tone* v. *The Mayor*, 70 Id., 157.) This court held the act creating the board of revision and correction to be constitutional in the Matter of Roberts. (17 Hun, 559.)

It is urged, however, that the recorder, who is made a member of the board, is not a city but a county officer, and therefore the transfer of power is not to city authorities. The fact is not true, for the recorder is a city officer, with both city and county functions conferred on him by statute. If this were not so, still, as the city and county are identical as political divisions of the State, and the distinction between them is nominal rather than real and practical, it would be straining the provisions of the constitution to hold that conferring power upon an officer in the same locality would be void because some of his lawful functions in their nature pertained to the county rather than the city organization.

We think the order below should be affirmed, with $10 costs, besides disbursements.

BRADY and BARRETT, JJ., concurred.

Order affirmed, with $10 costs, and disbursements.