Cregier v. The Mayor, &c., of New York.

---

GEORGE W. CREGIER,. Plaintiff, *against* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Defendants.

(Decided June 16th, 1882.)

The provision of chapter 521 of Laws of 1880—amending the charter of the City of New York of 1873—which fixes at $3,000 the salaries to be paid " to the clerks of the police courts in said city," refers to the officers designated in the charter as police clerks—not to the police clerks' assistants.

The subject of that provision is sufficiently expressed in the title of the act within the requirements of the constitution of the state (art. 3, § 16) as to local acts.

CASE submitted under section 1279 of the Code of Civil Procedure.

The question in difference was as to the amount which the plaintiff was entitled to receive from the defendants as his salary as one of the police clerks of the City of New York, and was stated, in the case and submission filed by the parties, as follows:

" It is claimed by George W. Cregier that his salary was fixed at $4000 per annum, by chapter 538 of the Laws of 1873, and has not since been legally reduced.

" It is claimed by the Mayor, etc., that by chapter 521 of the Laws of 1880, his salary has been reduced to $3000 per annum.

" The question to be decided is : Is the said George W. Cregier entitled to be paid a salary at the rate of four thousand or of three thousand dollars a year? If at the former rate, he is entitled to judgment for the sum of eleven hundred and thirty-five dollars and eighty-seven cents, with interest on one hundred and thirty-five dollars and eighty-seven cents from January 1, 1882, and on one thousand dollars from April ·1, 1882; and if at the latter rate, he is entitled to judgment for the sum of seven hundred and fifty dollars without interest; but he is not to recover costs unless he obtains a judgment for the larger amount."

*Nelson J. Waterbury*, for plaintiff.

*William C. Whitney* and *D. J. Deane*, for defendants.

CHARLES P. DALY, Chief Justice.—The act of 1880 (1 L. 1880, pp. 732, 733, § 2), amending the act of 1873 (L. 1873, p. 844), fixed the salary of the police clerks of the city at $3000. It is claimed by the plaintiff that this does not mean the police clerks designated in section 12 of the amended act, but police clerks' assistants. I see no ground for such a construction.

The section of the act amended distinguishes particularly between " police clerks " and " police clerks' assistants." The former are to be appointed for four years, by a majority of the whole board of police justices voting together, while the latter, classed by the section with stenographers and interpreters, are appointed but for two years, and may be appointed by a majority of the police justices attending any regular meeting. If the amendatory act did not refer to the police clerks, nor intend to reduce, by this provision,

their salary, which was then $4000, to $3000, but meant the assistant clerks, whose salary was then $2000, and to increase their salary to $3000, it is to be presumed that the legislature would have distinguished the latter employés by designating them " assistant police clerks" as they had been described and distinguished from the others, or police clerks, in the section amended; especially if they meant, in an act the object of which was to reduce the burden of taxes, to *increase* the salary of the assistants and allow the salary of the principals to remain as it was, at $4000, which would be, as respects this particular item, not to *reduce* but to *increase* the burden. In addition to which, I may add that, in this section of the amendatory act of 1880, the assistants of other clerks of courts—such as the clerks of the Superior Court, the Court of Common Pleas, the Marine Court, and the District Courts, are all distinguished from the clerks of their respective courts by denominating them "assistants ; " and if the legislature meant to fix the salary of the assistants of the police clerks, it is to be assumed that they would have designated them assistants, as they did in fixing the salaries of the assistants of all the other courts.

This is a local act, and the title of it, in my opinion, sufficiently expresses the subject, as an act amending the previous act of 1873, and " to reduce the burden of taxes to be levied " in the city (*People* v. *Briggs*, 50 N. Y. 553). It amends an act " to re-organize the local government of the City of New York," known as the Amended Charter of 1873. The amendment is of the 76th section of that charter relating to the organization of the Fire Department, and of the 116th section of it, relating to the payment of annual salaries in this city. The subject is as much one subject as was the case in *The People* v. *Briggs* (*supra*) where the title was, simply, an act to amend several acts in relation to the City of Rochester. The subject is the organization of the Fire Department of the city, the annual salaries to be paid from moneys raised by tax in the city, and provisions relating to taxes, estimates, etc., all relating to the city and to its municipal management. The fixing

of the annual salaries by this amendatory act of 1880, including that of the office held by the plaintiff, is as germane to the general subject of it as any of its provisions. In the case of *Huber* v. *The People* (49 N. Y. 132), where the title of the act was an act making provision for the government of the City of New York, such as is annually passed by the legislature of the state, and known as the annual tax levy for the city, it was held that a provision relating to the organization of a court of criminal jurisdiction, administering and enforcing state laws, was not expressed in the title of the act; such an organization being outside of the subject named in the title; and so much of it was therefore declared to be void. The act of 1880 has no such objectionable feature in it. It is an act amendatory of a previous act for the re-organization of the local government of the City of New York, and to reduce the burden of the taxes to be levied in said city. The subject, as stated in the title, is general; but, as was said recently in the Court of Appeals, in *The Matter of the Metropolitan Gas Light Company* (85 N. Y. 530), in respect to a like general title—" to make further provision for the government of the City of New York"—provisions in regard to any of the functions of the corporation, or necessary to carry out or render any of them effective, may, so far as this clause of the constitution is concerned, be incorporated in the act as necessarily connected with the subject matter of its title.

It was held in *The People* v. *Hills* (35 N. Y. 449), that a local act, entitled an act to amend an act which was denoted merely by its chapter and the year of its enactment, did not express its subject in the title. The act there intended to be amended contained 293 sections, and the title of the amendatory act did not indicate what portion or section of the previous act it was intended to amend.

In the subsequent case of *The People* v. *Briggs* (50 N. Y. 561), Chief Justice CHURCH said that if the title of the act proposed to be amended had been inserted, it would have been free from the constitutional objection.

That is the case here. The amendatory act of 1880 describes the act to be amended by its full title, by the chapter, and the date of its passage; in addition to which the amendatory act is declared to be an act to reduce the burdens of taxes to be levied in the city. And when we look at the change made by it in the 76th section of the previous act of 1873, relating to the Fire Department, it may well be that the changes made were to reduce the burden of taxes; as the powers and duties, relating to buildings in the City of New York, of the previous Department of Buildings in the city, are transferred to and devolved upon the officers of the Fire Department. The other provisions of this section relate to the management of this department so transferred to and incorporated in the Fire Department; to the annual expenses of it, the salaries of the employés, and other matters relating to the management and conduct of the department after its transfer, which may—and would seem to—have been intended as a more economical arrangement, which would reduce the burden of taxes in the city, and which certainly was the effect of the amendment of the next or 116th section, as the amendment provided for a reduction of the annual salaries of the numerous public officers named therein from the Mayor downwards, and fixed the salaries of many officers, not before fixed by the charter, and which were, as in the case now before us, reduced.

It seems to me, therefore, that the title "to reduce the burden of taxes" in the City of New York, expresses the general scope and design of the act, which is all that is required in compliance with the section of the constitution (*Harris* v. *The People*, 59 N. Y. 599; *Devlin* v. *The People*, 63 N. Y. 8; *Kerrigan* v. *Force*, 68 N. Y. 381; *Billings* v. *New York*, 68 N. Y. 413; *People* v. *Lawrence*, 36 Barb. 177; *People* v. *Commissioners of Taxes*, 47 N. Y. 501; *Matter of Volkening*, 52 N. Y. 650; *Greaton* v. *Griffin*, 4 Abb. Pr. N. S. 313; *Matter of Van Antwerp*, 56 N. Y. 261).

The office of police clerk is not a county, but a city office (*Devoy* v. *The Mayor, &c., of New York*, 36 N. Y. 449), and the plaintiff, as such clerk, was an officer within the provi-

sions of the amendatory act, whose salary was fixed by it at $3000 annually. I am, therefore, of opinion, that upon the case submitted, the plaintiff is entitled to judgment for $750, but is not, from the terms of the submission, to recover costs.

BEACH, J.—I concur in the result of the foregoing opinion upon the ground that the plaintiff is a city officer (*Devoy* v. *The Mayor, &c., of New. York*, 36 N. Y. 449), and that legislation as to the salaries of city officers may be embraced in an act amending the city charter.

Judgment accordingly.