The State, *ex rel.* Law *et al.*, *v.* Blend *et al.*

Filed Jan. 17, 1890.

No. 15,164.

THE STATE, EX REL. LAW ET AL., *v.* BLEND ET AL.

CONSTITUTIONAL LAW.—*Unconstitutionality of Body of Act.—Effect on Repealing Clause.* —Where it is not clear that the Legislature, by a repealing clause attached to an unconstitutional act, intended to repeal the former statute upon the same subject, except upon the supposition that the new act would take the place of the former one, the repealing clause falls with the act to which it is attached.

SAME. —*Metropolitan Police.—Board.—Act to Abolish.— Unconstitutionality of. —Repealing Clause.*—An act of the Legislature passed on the 5th day of March, 1883, section 705, Elliott's Supp., created a board of metropolitan police in all cities of the State of twenty-nine thousand or more inhabitants, and provided for the appointment of such board by the Gov-

ernor, secretary, auditor and treasurer of state. The Legislature, by an act passed on the 5th day of March, 1883, section 705, Elliott's Supp., attempted to abolish the board of metropolitan police created by the above act, and to create a board of metropolitan police and fire department, the members of the first board to be elected by the General Assembly, and of all future boards to be appointed by the mayor of the city, and provided for the repeal of all laws and parts of laws in conflict therewith.

*Held,* that, the body of the act being void, the repealing clause is also void, and the act of March 5th, 1883, is still in force. *Meshmeier* v. *State,* 11 Ind. 482, modified.

SAME.—*Statute Unconstitutional in Part.—Giving Effect to Remainder.*—Where a part of a statute is unconstitutional, if by striking from the act all that part which is void, that which is left is complete in itself, sensible, capable of being executed, and wholly independent of that which is rejected, the courts will reject that which is unconstitutional and enforce the remainder.

SAME.—*Act of March, 1883.— Validity of.*—The act of March, 1883, is constitutional and capable of enforcement, except in so far as it makes by section 1 a residence of three years in the city in which he is appointed next preceding his appointment a condition of a police commissioner's eligibility, and provides for the appointment of the officers named in section 2 equally from the two leading political parties.

From the Vanderburgh Superior Court.

*A. Gilchrist, C. A. DeBruler* and *D. B. Kumler,* for appellants.

*J. S. Buchanan, J. Brownlee* and *P. W. Fry,* for appellees.

COFFEY, J.—The information in this cause charges that the relators, Edward E. Law, Alexander H. Foster and Adolph Goeke, constitute the board of metropolitan police of the city of Evansville ; that each of said relators was duly appointed a commissioner of police of said city by the Governor, secretary of state, auditor of state and treasurer of state, of the State of Indiana, pursuant to the provisions of the act providing for a metropolitan police in all cities of twenty-nine thousand or more inhabitants, etc., the same being chapter 74 of the acts of the Legislature of the State of Indiana for the year 1883, viz.: Said Edward E. Law was so appointed such commissioner on the 1st day of Jan-

uary, 1887; said Foster on the 1st day of January, 1888, and said Goeke on the 1st day of January, 1889; that at the time of their respective appointments, said relators were each of them more than twenty-one years of age, and were each of them duly qualified electors in the city of Evansville, county of Vanderburgh, and State of Indiana; that each of said relators was, at such times, a citizen of the State of Indiana, and of the United States; that each of said relators, at the time of his appointment as such commissioner of police, had resided in the city of Evansville for three years and more prior to his appointment, and that the relators were, at the time of their several appointments, and are now, one of them of opposite politics to the other two, viz.: Said Edward E. Law is, and was, at the time of such appointment, a Democrat, and the other relators are, and were, at the time of their appointment, Republicans; that each of the relators, at the time of his appointment was, and now is, eligible to said office of commissioner of police, and each of them had, and has, all the qualifications required by said act for such office; that each of the relators was appointed to such office for the full term of three years, and each of them accepted such office and took the oath and gave the bond required by said act, and did all other acts necessary to entitle him to hold said office; that said commissioners were duly organized as a board of metropolitan police for said city, and by virtue of their offices they were, on the 10th day of April, 1889, and for a long time prior thereto had been, discharging their duties as such commissioners of police, and were in charge and control of the police force of said city; and it was their right and duty at said time, and is now as such board of metropolitan police, to control and manage the police force of said city in the manner provided in said act; that on the 10th day of April, 1889, the defendants claiming to act under the provisions of an unconstitutional and void act of the Legislature of this State for the year 1889, providing for a board of metropolitan police and fire depart-

ment in certain cities of this State, the same being chapter 112 of the acts of said Legislature for the year 1889, wrongfully and unlawfully intruded themselves into said office of police commissioners for the city of Evansville, and although the Supreme Court of this State has held said pretended act to be altogether null and void, the defendants, Fred Blend, Charles Kehr and James Nugent, continue wrongfully and unlawfully to hold said office, under a pretended authority from the common council of the city of Evansville, and refuse to surrender said offices, and they refuse to turn over to the relators the control of the police force of said city, although often requested so to do ; that by said wrongful and unlawful acts of the defendants the relators are kept out of the offices and franchises to which they are legally entitled as above stated ; that they have sustained damages in the sum of three thousand dollars. Wherefore, the relators pray for a decree declaring and establishing their right to said office, and that they have judgment, etc.

The court sustained a demurrer to this information, and the appellant excepted. Judgment for appellees for costs.

The assignment of error calls in question the correctness of the ruling of the Vanderburgh Superior Court in sustaining the demurrer to the above information.

An act of the Legislature passed on the 5th day of March, 1883, section 705, Elliott's Supp., creates a board of metropolitan police in all cities in this State having a population of twenty-nine thousand or more inhabitants as shown by the United States census of 1880. The act provides that such board shall be appointed by the Governor, secretary, auditor and treasurer of the State. This act also defines and specifically sets forth the duties of such board of metropolitan police.

By an act of the Legislature passed on the 7th day of March, 1889, the Legislature attempted to abolish the board of metropolitan police created by the act of March 5th, 1883, and to create a board of metropolitan police and fire

department. This act provides for the election of the members of the first board by the General Assembly, and confers on the mayor of such cities the power to appoint the members of all future boards.

The act provides that all laws and parts of laws coming in conflict with it, and especially the act providing for a metropolitan police in cities of twenty-nine thousand inhabitants, are by this act repealed. Elliott's Supp., section 721.

In the case of *City of Evansville* v. *State, ex rel.*, 118 Ind. 426, and the case of *State, ex rel.*, v. *Denny*, 118 Ind, 449, the act of March 7, 1889, was held to be in conflict with the Constitution of the State, and, therefore, void.

It is contended by the appellees in this case that, although the body of the act referred to is void, still the repealing clause is valid, and that it repeals the act of March 5, 1883, and leaves the control of the police power of the cities therein named to the common council of such cities. It is earnestly maintained by the appellants, on the other hand, that when the act to which the repealing clause is attached fell, the repealing clause fell with it; and that, as a consequence, the act of March 5, 1883, still remains in force.

In the case of *Meshmeier* v. *State*, 11 Ind. 482, it was held that a repealing clause attached to an unconstitutional act of the Legislature might repeal a former valid statute upon the same subject. The general principle announced in that case is undoubtedly correct, for it must be conceded that the Legislature may use such language in the repealing clause attached to an unconstitutional law as to leave no doubt as to its intention to repeal a former law, in any event. In such case the law intended to be repealed would cease to exist even though the law to which the repealing clause was attached should fail by reason of being in conflict with the Constitution.

Where, however, it is not clear that the Legislature, by a repealing clause attached to an unconstitutional act, intended to repeal the former statute upon the same subject,

except upon the supposition that the new act would take the place of the former one, the repealing clause falls with the act to which it is attached.　Bishop Written Laws, section 34; *Tims* v. *State*, 26 Ala. 165; *Sullivan* v. *Adams*, 3 Gray, 476; *Childs* v. *Shower*, 18 Iowa, 261; *Shephardson* v. *Milwaukee, etc., R. R. Co.*, 6 Wis. 578; *State* v. *Burton*, 11 Wis. 50; *Devoy* v. *Mayor*, 35 Barb. 264; *People* v. *Tiphaine*, 3 Parker, 241; *Devoy* v. *Mayor*, 36 N. Y. 449; *State, ex rel.*, v. *Hallock*, 14 Nev. 202.

In the case of *Meshmeier* v. *State, supra,* the learned judge who wrote the opinion admits that the authorities are against the conclusion there reached, but says that he is unable to bring his mind to agree with the authorities upon the subject then under consideration.

It is believed that the conclusion reached in that case has never been followed either by this or any other court in the Union.

Mr. Bishop, in commenting on this case in his valuable work "On the Written Laws," section 34, says : "But not only the reason just suggested shows that this doctrine can not be sound in principle; it is also unsound, and it has been so adjudged, because, as observed in the Alabama court, if the new law is void, the provisions of the former law can not with propriety be said to be in conflict, or contravention of it."

The Supreme Court of Iowa, in considering this case in the case of *Childs* v. *Shower, supra,* said : " In that case, the repealing clause in an unconstitutional statute was ' that all acts and parts of acts inconsistent with the provisions of this act, are hereby repealed,' and the court held (HANNA, J., dissenting) that the prior law was repealed.　The reasoning of the majority seems to be refined and technical.　They admit that an unconstitutional law can not repeal a prior law by implication.　But here they say is ' an express repeal.' This, as it seems to us, is where the error lies.　There was no pos-

itive and unconditional repeal, a repeal *only* so far as the two should be *legally* inconsistent."

As a consequence of this reasoning the Iowa court refused to follow the case of *Meshmeier* v. *State, supra.* Indeed, it is in conflict with all the authorities above cited, and we know of no case to be found which in the remotest degree is supposed to give it any support.

It is contended, however, by the appellee, that it is manifest from the language used that the Legislature intended to repeal the act of 1883 in any event. But we are unable to agree with counsel in this construction. We must accord to the Legislature the belief that the act of 1889 was constitutional, and the intention that the provisions of that act would take the place of the act of 1883. The manner of selecting police officers under the act of 1889 is not materially different from the mode prescribed by the act 1883. The mode of selecting police commissioners was changed, but the intention of the Legislature to keep up the old system of selecting police officers is perfectly plain.

We can not say that the Legislature would have passed the repealing clause in question had it not intended that the act of 1889 should take the place of the act which it attempts to repeal. Under such circumstances, according to all the authorities except *Meshmeier* v. *State, supra,* the repealing clause must fall with the act to which it is attached.

We are of the opinion that the repealing clause in question is void, and that it does not repeal the act of March 5th, 1883.

In so far as the case of *Meshmeier* v. *State, supra,* is in conflict with this opinion the same is hereby modified.

It is not seriously contended that the act of March 5th, 1883, is unconstitutional ; indeed, there would seem to be no room for such a contention. It was recognized as a valid act in the case of *City of Indianapolis* v. *Huegele,* 115 Ind. 581.

It has been so often decided that the State has the right to prescribe the manner of selecting the constabulary, including

the police force of a city, that it seems not to be now an open question. *People* v. *Draper,* 15 N. Y. 532 ; *People* v. *Shepard,* 36 N. Y. 285 ; *People* v. *Mahaney,* 13 Mich. 481 ; *State, ex rel.,* v. *Covington,* 29 Ohio St. 102 ; *Police Commissioners* v. *City of Louisville,* 3 Bush, 597 ; *State, ex rel.,* v. *Hunter,* 38 Kan. 578 ; *Mayor, etc.,* v. *State, ex rel.,* 15 Md. 376 ; *State, ex rel.,* v. *Seavey,* 22 Neb. 454.

This right is fully recognized in the case of *City of Evansville* v. *State, ex rel., supra,* and *State, ex rel.,* v. *Denny, supra.*

The act of 1883, now under consideration, is easily distinguished from the act of 1889, where the State undertook to control the selection of officers in no wise connected with the constabulary and whose duties were of a local character, affecting local interests and local government. But while it is admitted that the law we are now considering is within the power of the Legislature, and that it is not, in its general scope, in conflict with any provision of the State Constitution, it is earnestly insisted that certain provisions therein are unconstitutional, and that such provisions are so interwoven with the other provisions of the law as that the whole must fall.

It is quite well settled that where a part of a statute is unconstitutional, if such part is so connected with the other parts as that they mutually depend upon each other as conditions, considerations or compensations for each other, so as to warrant the belief that the Legislature intended them as a whole, and if they could not be carried into effect the Legislature would not have passed the residue independently of that which is void, then the whole act must fall. Cooley Const. Lim. (5th ed.) 213 ; *Meshmeier* v. *State, supra ; State, ex rel.,* v. *Denny, supra ; Griffin* v. *State, ex rel.,* 119 Ind. 520. On the other hand, it is equally well settled that when a part of a statute is unconstitutional, if by striking from the act all that part which is void, that which is left is complete in itself, sensible, capable of being executed and wholly independent of that which is rejected, the courts will reject that which is

unconstitutional and enforce the remainder. Cooley Const. Lim. (5th ed.), p. 178; *Clark* v. *Ellis*, 2 Blackf. 8; *Maize* v. *State*, 4 Ind. 342; *State* v. *Newton*, 59 Ind. 173; *Ingerman* v. *Noblesville Tp.*, 90 Ind. 390.

The question in this case is, therefore, whether we can eliminate from the act of March, 1883, that which is in conflict with the Constitution of the State and enforce the remainder of the law; or, in other words, are the unconstitutional provisions in that act so connected with its other provisions as that they must all stand or fall together?

Under section 1 of the act under consideration, a person to be eligible to the office of police commissioner must be a resident of the city for which he is appointed for a period of at least three years next before his appointment.

Section 2 provides that the metropolitan police board shall have power to appoint a superintendent of police, captains, sergeants, detectives and such other officers and patrolmen as they may deem advisable, said captains, sergeants, detectives and such other officers and patrolmen to be appointed equally between the two leading political parties of said city.

In the case of *Evansville* v. *State, ex rel.*, and *State, ex rel.*, v. *Denny, supra*, it was held that provisions similar to those found in this act were in conflict with our State Constitution. It was not so held because the Legislature had not the power to provide that such officers as police force should be made non-partisan, but it was so held because the act of 1889 was so drawn as to disfranchise all persons who did not belong to one or the other of the two leading political parties. There can be but little doubt as to the power of the Legislature to make the constabulary of the State non-partisan, but in doing so it must not disfranchise any considerable body of the electors, as all are, under our form of government, eligible to the elective offices within the gift of the people. That it was the intention of the Legislature by the act of March 5th, 1883, to remove the selection of the

The State, *ex rel.* Law *et al., v.* Blend *et al.*

police force of the State from local political influence, and to make it as far as possible non-partisan, there can be no doubt.

Striking out the objectionable features of this law, the remainder is capable of being enforced in such a manner as to fully carry out the object sought to be attained. By the first section of the act, the commissioners are required to take an oath to the effect that they will not appoint or remove any person on account of his political opinions. If such oath is observed the police power of the cities, covered by the act, will conform to police power sought to be created by the Legislature.

In our opinion the act of March, 1883, except in so far as herein indicated, is in force and governs the manner of selecting and controling the police power of the cities therein named. It follows that the superior court of Vanderburgh county erred in sustaining the demurrer to the information in this cause.

Judgment reversed, with instructions to overrule the demurrer to the information, and for further proceedings not inconsistent with this opinion.

Filed Jan. 17, 1890.