(Highland County, Common Pleas Court—January Term, 1897.)

PENCE AND GEYLER v. MARTHA J. ROADS.

*Contractors' Liens under law of 1894 valid.—*
1.   Section 3184, Rev. Stat. of Ohio as amended April 13, 1894, Vol. 91, O. L., 135, and known as the Ohio Mechanic's Lien Law, in so far as it allows a  lien on a building to one furnishing material or performing labor under  a contract  with the owner in the construction or repair of such  building, is  constitutional and valid.

*Same.—*
2.   Said provision of said statute is separable from,  and independent of.  the part thereof which attempts to give such a lien to one furnishing labor  and material in the construction or repair of a building at the instance of the  contractor  or sub-contractor, and hence may have a constitutional operation  and  effect, not-withstanding the part last referred to is unconstitutional and void.

---

NEWBY, J.

This cause was heard upon the demurrer of the defendant, Martha J. Roads, to the second cause of action in plaintiff's petition.   That  cause of action sets up, and asks a foreclosure of  a mechanic's lien on the real estate of said Martha J. Roads, for labor and  materials furnished by plaintiffs between the 23rd day of October, 1895, and on the second  day of December, 1895, to said defendant at her special instance and request, in and about the alteration and repair of a certain building belonging to defendant, and situate upon the premises described in the petition.   The petition avers the taking of all the steps required to perfect the plaintiff's lien under the mechanic's lien law, as found in 91 Ohio Laws, 135.

The only question presented by the demurrer is whether there is any valid law in Ohio authorizing a laborer or material man to take a lien on a building, and the lot of land on which it stands, for labor and material furnished in constructing, altering or repairing said building.

The act of April 3, 1894, 91 Ohio Laws, 135, purports to authorize such a lien to be taken.   But that act has been  decreed unconstitutional and void by the Supreme Court of Ohio, "in  so far as it gives a lien on the property of the owner to sub-contractors, laborers and those who furnish machinery, material or title to the contractor." Palmer & Craw-ford v. Wm. C. Tingle, 36 Bull., 315.   (Decided Dec. 8, 1896.)

In the case under consideration the labor and material were furnished to the owner under a contract with her, and the question is whether the act being unconstitutional in the respect just named, must fall in all respects; or whether the act may have a constitutional operation and be upheld so as to give a lien to a contractor furnishing labor or material, or both, to the owner under a contract with him.

The decision of the Supreme Court in the case of Palmer & Crawford v. Tingle goes no further than to hold that it is not competent for the legislature to grant to a sub-contractor or laborer who furnished materials or performed labor in the construction of a building at the instance of the contractor, the privilege of taking a lien on the premises of the owner. Such act was held to be in contravention of sections 1 and 2 of the Bill of Rights, guaranteeing the right to acquire, possess and protect property, and that government should be for the equal protection and benefit of the people. The validity of the law is not inquired into any further than it was sought to be applied to the case presented, which was that of parties furnishing material to the contractor, and who belong to a class of persons who were not favored with the right to a lien on the building and land prior to the act of 1894, amending section 3184, Revised Statutes.

A principal reason advanced for the position that the part of the act of 1894, then under consideration, violated those sections of the fundamental law, was, that it enabled such persons to secure a lien upon the real estate of the owner, without his consent, and without entering into any contractual relation with him.

It was also urged as an objection to the part of the law involved in that case, that one desiring to construct a building upon his land, was forbidden under penalty of liability to pay more than the contract price, to contract to pay for his building by a conveyance to the contractor of other property. And even if he contracted to pay a money consideration, he was in danger of meeting the misfortune of having to make double payment for his building.

None of these objections can be urged to the law when sought to be applied to the case of a contractor who has supplied the material and done the work on a building under contract direct with the owner  The owner can settle with the contractor in perfect safety, and a discharge from him is effective and final. None of the property rights of the owner is infringed, and no liability can be asserted against him or his property except such as he has given his assent to. The reasoning of the decision in the case of Palmer & Crawford v. Tingle, would not, therefore, apply to avoid the law allowing a mechanic's lien to one furnishing materials for a building, or performing labor thereon, under a contract with the owner.

And I can perceive no reason why a law of this character, and going only to the extent of giving the contractor a lien, should be open to constitutional objection.

It is true that the circuit court of Putnam county in deciding the Tingle case, say in the syllabus, that, "Section 3184 of the Revised Statutes of Ohio, as amended on the 13th day of April, 1894, and found in vol. 91, page 135, of the Ohio Laws, known as the Mechanic's Lien Law, is in violation of sections 1 and 2 of the Bill of Rights. Hence is unconstitutional and void. Palmer & Crawford v. Tingle, 9 C. C. Rep., 708.

But they were not called upon to consider any part of the statute except the part involved in that case, which was the part pretending to give a lien to one who had furnished material to the contractor under a contract with him only. The reasoning of the court would apply, in my judgment, only to the class of persons there involved. And the Supreme Court, affirming the judgment of the circuit court, carefully limited its

holding to only so much of the statute as attempted to give a lien on the property of the owner to sub-contractors, laborers and to those who furnish machinery, material or tile to the contractor. Besides, the mechanic's lien law, as it would now stand, with that part eliminated, which the Supreme Court has held unconstitutional, and as it stood before the amendment of April, 1894, has been upon the statute books of the state for a great many years, and various questions arising under it have been before the Supreme Court a number of times, and in all this time, no constitutional objection to it has been raised or found to exist. This is a very strong indication that the bench and bar of the state have recognized the constitutionality of the original act. My judgment is that but for the amendment of April, 1894, which simply inserted the words "contractor or sub-contractor in the original act as among the persons with whom a contract for labor or material could be made to authorize the taking of a lien, no serious question could arise as to the constitutionality of the machanic's lien law, as it stood prior to this amendment.

But it is claimed by the demurrant that the law being unconstitutional in the part named, the whole law must fall.

It is a well settled law in Ohio, that an act of the legislature may be unconstitutional in part, and the remainder of the act be susceptible of a constitutional operation. And this will always be the case where the constitutional provisions are so disconnected in purpose and meaning, and so independent of each other in their operation, as to lead the court to the belief that the legislature was not moved to pass the one except for the other. See Bowles v. The State, 37 Ohio St., 35 and 44.

Judge McIlvaine, in the Bowles case, on page 44, says: "The constitutional and unconstitutional provisions may even be contained in the same section, and yet be perfectly distinct and separable, so that the first may stand, and the last fall."

That part of the mechanic's lien law, which gives a lien to the contractor, is entirely separate and distinct from the provision giving a lien to a sub-contractor, and may be given full operation and effect without reference to the latter.

I have endeavored to show that the reasons which are given to sustain the invalidity of the latter provision do not, in the least, apply to the former. The two provisions are not at all dependent upon each other, but the former can be, 'and had been, for a number of years, prior to 1894 operated without defense to, or aid from the latter. The two provisions being independent of each other, the remaining question, therefore, is, is it presumable that the legislature would not have passed the law giving a lien to the contractor, unless it could also provide for a like lien to be given the sub-contractor or laborer? I think it is not A law has been in existence a great many years prior to 1894, authorizing a lien to be taken by the contractor against the building and premises of the owner. And the amendment of April, 1894, was evidently for the sole purpose of extending that provision of the statute to a class of persons not theretofore favored with the right to have a lien on the premises, and was not intended to disturb or abridge the right or privilege of those who were previously thus protected. In other words, I do not believe the legislature was desirous of preserving a lien against the owner to the contractor, only in the event the sub-contractor or laborer might enjoy the privilege of securing such a lien.

The mechani's lien law is in a condition, as to its operation, similar to the one mile turnpike law of this state. That law, in section 4786, provides that where a free turnpike road, in process of construction, crosses a free turnpike constructed, or in process of construction, the lands and personal property which lie within one mile on either side of where such free turnpikes cross each other, shall be assessed and taxed according to the benefits

that may be derived by the owners of such lands and personal property.

Plainly, in such a case, that law could not have a constitutional operation, because by the mode of taxation required, the rule of uniformity of taxation in the taxing district, which' is one mile on either side of the pike, would be broken, and no taxes could be levied in the district for the construction of the turnpike, as held by the Supreme Court in the case of Fields v. Commissioners of Highland County, 36 Ohio St., 476.

But in the construction of turnpikes which do not cross another turnpike, constructed, or in process of construction, no assessment of taxes according to benefits is required, and the rule of uniformity required by the constitution is not violated, and in such cases the law can operate. See opinion of Judge McIlvaine in Bowles v. The State, 37 Ohio St., 43.

And so, the Mechanics' Lien law, in so far as it attempts to give a lien on the building to one who has furnished labor or material for the construction or repair of said building, at the instance of the contractor, is unconstitutional and void, because it gives such one a claim upon the property of another which cannot rightfully be acquired, except by contract with the owner. But in cases of liens allowed by that law, to those contracting with the owner, the reason for holding the law void do not exist, and hence in such cases, the operation of the law meets with no constitutional objection.

I conclude, therefore, that although a part of this statute in question is unconstitutional, yet as the provision giving to the plaintiffs in this case (they having furnished the labor and material sued for under a contract with the owner of the building,) a lien for the amount of such labor and material, is independent of the unconstitutional part, the statute may have a constitutional operation in this case.

But if the law can give the contractor a lien without violating any provision of the constitution, then, it seems to me, the demurrer might be overruled, even though the constitutional and unconstitutional parts of the amendment of 1894 are so woven together and dependent upon each other that neither can operate without the other, thus rendering the whole act void; because in such case the repealing clause would also be void, and the former law would stand. There is every reason to believe that the legislature would not have repealed section 3184, Revised Statutes, except upon the supposition that the amended section would take the place of it.

The better rule seems to be, that when it is not clear that the legislature, by a repealing clause attached to an unconstitutional act, intended to repeal the former statute upon the same subject, except upon the supposition that the new act would take the place of the former one, the repealing clause falls with the act to which it is attached.

But I do not consider myself called upon to determine the effect of the repealing clause in the act of 1894, for the reason, that, in my judgment, that part of the law giving the plaintiffs in this case a lien is valid, and can opearte independently of the invalid part.

The following authorities recognize the general rule to be as I have stated, in regard to the effect of a repealing clause in an unconstitutional statute. State ex rel. v. Smith, 48 Ohio St., 219; State ex rel. v. Bland, 121 Ind., 514; Lims v. The State, 32 Ala., 166; Childs v. Shower, 18 Iowa, 261; Shephardson v. Milwaukee, etc., R. R. Co., 6 Wis., 578; State v. Burton, 11 Wis., 50; Devoy v. Mayor, 3 Barb., 264; Devoy v. Mayor, 36 N. Y., 449; People v. Tephaine, 3 Parker, 241; State ex rel. v. Hollock, 14 Nev., 262; Bishop, Written Laws, section 34.

The demurrer will be overruled.

Steele & Sams, for Plaintiffs.

John R. Horst, for Defendant.