(Cuyahoga Co. Court of Common Pleas.)

THE VAN CLEVE GLASS COMPANY v. JOHN T. WAMELINK, et al.

*Sub.contractors' lien—Entire act of 1894 invalid, and law stands as before passage of that act.*

The Supreme Court having declared the Mechanic's Lien Law of 1894, unconstitutional so far as it provides for sub-contractor's liens, and it being obvious that the legislature would not have passed that act but to enact the provisions for sub-contractor's liens thus declared unconstitutional, the entire act, including the repealing clause, must be considered invalid, and the rights of sub-contractors to a lien on the funds in the hands of the owner, under the laws as they stood before the enactment of the law of 1894, are therefore still in force.

(Delivered October 11, 1897.)

STONE, J.

This case is before the court on demurrer to the petition. The Van Cleve Glass Company furnished material for the erection of a dwelling house on the premises of John T. Wamelink, by virtue of a verbal contract with Sweeney & Schultz, who were the contractors for the erection of Mr. Wamelink's house; that Sweeney & Schultz agreed to pay

for the material so furnished, the various sums charged therefor, amounting to $805.07; that afterwards and within sixty days from the completion of the furnishing of said materials, the plaintiff filed with the defendant, John T. Wamelink, a sworn and itemized statement of the amount in full of the materials furnished. At the time of the filing said notice, John T. Wamelink was indebted to Sweeney & Schultz, in the sum of $930.00 on their contract, and a further sum of $75.00 for work done not embraced therein. At the time the plaintiff filed with John T. Wamelink this attested account, it filed a copy thereof with the recorder of Cuyahoga county. The amount so due from Wamelink to Sweeney & Schultz at the time of the delivering of said attested account, it is alleged was more than sufficient to pay the plaintiff's claim in full, with others, if any there were, who were entitled to pro-rate with plaintiff.

It is alleged that plaintiff's claim has never been disputed by Sweeney & Schultz; that an action has accrued in favor of plaintiff and against the defendant to recover the sum named. In short, the petition contains the usual averments essential in an action to enforce a mechanic's lien for materials furnished, under the law as it existed prior to the Act of April 13, 1894. (91 O. L., 135.)

Does the petition state a cause of action? Counsel for the plaintiff contend that all the changes made by the enacting part of the mechanic's lien law passed April 9, 1894, have been declared unconstitutional by the Supreme Court in the case of L. F. Young v. The Lion Hardware Company, (36 Bulletin, 315,) and that the repealing clause goes with the rest, and the former mechanic's lien law is now in force.

There are two systems of mechanic's lien laws prevailing in the United States. The one which exists in most of the states is known as a "Direct Lien Law," by which material-men, sub-contractors and laborers, acquire a lien directly upon the property as well as the principal contractor. These laws are based upon the theory that the principal contractor, in his dealings with the sub-contractor,, material-men and laborers, acts as the agent of the owner of the property.

The other class of statutes authorizes that which is known as a "Subrogation Lien," that is, they give a direct lien to principal contractors who deal directly with the owners, and the lien by subrogation to the material-men, the laborer and the sub-contractors.. (2nd Jones on Liens, secs. 1285 and 1304.)

Ohio, before the last mechanic's lien law was passed, belonged to the states which have what is known as the Subrogation Mechanic's Lien Law. From

the very outset of the mechanic's lien law, the statute did give a lien to sub-contractors, material-men and laborers; indeed, these are regarded as the most worthy of a lien, and it was their interest which originally lead to the enactment of a mechanic's lien law.

The late legislation which was declared unconstitutional, was an attempt to change as to material-men, laborers and sub-contractors, from a subrogation lien to a direct lien. An examination of the repealing sections, discloses the fact that the sections which are simply repealed, relate only to subrogation, sections which were amended, were so amended as to change from the subrogated lien to the direct lien.

An inspection of the Act of April 13, 1894, will disclose that this change as to material-men, sub-contractors and laborers, from the subrogation to the direct lien, was the sole purpose of the statute, and thus to more directly benefit this class of persons by giving them a lien which was thought to be more advantageous to them than the subrogation lien.

The decision of the Supreme Court in the case referred to, declares "the Act of April 13, 1894, (91 O. L., 135,) in so far as it gives a lien on the property of the owner to sub-contractors, laborers and those who furnish material or tile, is unconstitutional and void. All to whom the contractor becomes indebted in the performance of his contract are bound by the terms of the contract between him and the owner." This decision, in effect, declares all of the enacting parts of the statute void, so far at least as they change the old law. In other words, the effect of the decision is, to do away with all these changes under the statute which sought to put the laborer, sub-contractor and material-men on the same footing with the principal contractor.

The proposition is now urged that the repealing clause having been put into the statute, as is apparent, only to comply with the special requirements as to the mode of wording the statute, and so as to give effect to the changes made by the enacting clause of the statute, the changes made by the enacting clauses being unconstitutional, the purpose of the whole law has failed, and the repealing clause falls with the rest of the act.

At a comparatively early date, under our present constitution, the Supreme Court held that:

"As a general rule one part of an act will not be held constitutional, and another part unconstitutional, unless the respective parts are independent of each other."

And in the same case the court quotes approvingly the language of Chief Justice Shaw, in the leading case of Warren

et al. v. Mayor and Alderman of Charles town, 2nd Gray 84, as follows:

"The same act of legislation may be unconstitutional in some of its provisions, and yet constitutional in others, but this must be taken with this limitation, that the parts so held respectively constitutional and unconstitutional, must be wholly independent of each other. But if they are so mutually connected with, and dependent on each other, as conditions, considerations or compensations for each other, as to warrant a belief that the legislature intended them as a whole, and if all could not be carried into effect, the legislature would not pass the residue independently, and some parts are unconstitutional, all provisions which are thus dependent, conditional or connected, must fall with them." (5 Ohio St., 497.)

This ruling has been frequently followed since by our supreme court.

In the case of State v. Hipp, 38 Ohio St., 199, the statute provided that persons engaged in the traffic of intoxicating liquors, should pay a certain sum annually and execute a bond; and also provided that any one engaged in the traffic without having executed a bond, should be deemed guilty of a misdemeanor, etc., and the court say:

"Finally it is urged that even if the section providing punishment for non-compliance with the requirements of the statute, should be held to be unconstitutional, still that other parts of the act may stand. But as Blackstone observes, "the main strength and force of a law consists in the penalty annexed to it. 1 Com. 57. It is not to be supposed that the legislature would have enacted this statute without such clause, and hence the whole act fails."

In 1883, in a dissenting opinion in State v. Frame, Judge Okey says:

"While undoubtedly an act may be constitutional in part and in part void, this clearly is not such an act. The rule upon the subject is correctly stated by Mr. Bishop, as follows: "If the unconstitutional parts are essential to the constitutional, all must fail;' and, 'If the parts are so mutually related as to make it evident that the legislature intended them to constitute one whole, so that if all could not be carried into effect, none would have received the legislative sanction, the case is within the same rule."

Written Laws, sec. 34, "Shaw, Judge expresses the same rule in the same way in 2nd Gray, 84, which has been followed in the same court. (Jones v. Robbins, 8 Gray, 329, 339; Sparhawk v. Sparhawk, 116 Mass., 315,) and expressly approved by this court. State v. Perry County, 5 Ohio St., 497; 38 Ohio St., 230."

In State v. Sinks, the question was, whether any part of the Scott Law was valid. The court held that the act was invalid as far as it provided for a lien on

the premises occupied by tenants, and then proceeded:

"If we assume a proposition upon which we express no opinion, namely—that the act would have been constitutional if the legislature had passed the act with the words striken therefrom which were held invalid in that case, it does not follow that any part of the act can be supported in this case. The question before us is entirely different, and it may be properly stated in this form: Is it unreasonable and improbable that the legislature would have passed the act with the provision we have held to be unconstitutional striken therefrom? If this proposition must be answered in the affirmative, it is plainly our duty to hold this act to be unconstitutional and void, so far as it provides for such assessment or tax."

After referring to the history of the liquor legislation of the state, the judge says:

"The provisions as to a lien on premises occupied by tenants being clearly unconstitutional, can there be any doubt as to the effect of the invalidity on the remaining parts of the act, so far as they provide for such assessment or tax? We are clear there can be no doubt on the subject. The legislature evidently regarded the clause as to tenants vital, and the act never would have been passed without it; and that clause being unconstitutional, the whole act, as tax-law, entirely fails."

In State v. Pugh, 43 Ohio St., 98, the Supreme Court held part of a law unconstitutional in so far as it conferred corporate powers upon the city of Columbus, and then proceeded:

"How does the conclusion just announced effect those provisions of the act which concern the powers of the trustees of the sinking fund? It is a familiar principle that when part of a legislative enactment is found to be unconstitutional, and another part, which standing alone, would be free from constitutional infirmity, are so connected in the general plan and object of the act that it is highly improbable that the legislature would have enacted the one without the other, the one is so affected by the infirmity of the other, that both must fall. Looking again to the title of the act, we find that it is not simply one to divide the city of Columbus into wards. It is an act 'to re-organize and consolidate' the city. The general plan of the act is, to invest the city with an entirely new system of municipal government. Looking at the entire act, it is highly improbable that the legislature would have enacted the provisions for re-districting the city without those for its organization. The conclusion is inevitable, that so much of the act as provides for the re-districting of the city is also invalid."

The case of Daggett v. Hudson, 43 Ohio St., 548; Monroe v. Collins, 17 Ohio St., 665; Talyor v. Commissioners, 23 Ohio St., 22,—sustain and illustrate the same general principle.

In the following cases acts were passed, the enacting part of which was held to be unconstitutional, and which was accompanied by a repealing clause, repealing specific acts by name, and the enacting part being held unconstitutional, the repealing sections were held also to fall. State v. Keyser, 14 Neb., 202; Sullivan v. Adams, 3rd Gray, 476; State v. Bland, 121 Ind., 514; Randolph v. Builders' and Painters' Supply Co., 106 Ala., 501.

The last case would seem to be precisely in point. Alabama, like Ohio, was a state having a Subrogation Lien Law for material-men, sub-contractors and laborers. The legislature, like that of Ohio, passed a law intending to change the lien of those three classes of persons, from a subrogation lien to a direct lien. The Supreme Court of Alabama, for the same reason as did the Supreme Court of Ohio, held the enacting sections of this new mechanic's lien law to be unconstitutional. The repealing sections of the Alabama statute, like the repealing section of the Ohio statute, repealed specific sections of the mechanic's lien law, so that the enacting sections of the new mechanics' lien law might operate unimpeded by the previous legislation. The Supreme Court of Alabama, in the same case in which they held the new law to be unconstitutional, held the repealing sections to fall with the enacting sections, because the repealing section was passed as part of one scheme with the enacting sections. The law of that case, as stated in the 5th sub-division of the syllabus, is as follows:

"The said act being wholly unconstitutional and void, and there having been in its enactment no intention to repeal any part of the then existing law bearing upon the subject referred to therein, except to the extent it was to be replaced by that act, said act has no effect upon the sections of the code attempted to be repealed, and the law pertaining to mechanic's and material-men's liens, remains as it was before the passage of said act."

The reasoning in the cases referred to, seems to us to apply to the new mechanic's lien law, (Act of April 13, 1894.) It is clear the legislature, in the passage of this act, contemplated but one thing, and that was to give to mechanics and material-men, sub-contractors and laborers, a direct lien in place of what we have hitherto spoken of, or termed a subrogation lien. And the Supreme Court having determined that that act was unconstitutional, the whole purpose of the act has failed, and we

think the repealing clause must be regarded as equally invalid and of no effect.

Our conclusion, therefore, is, that the mechanic's lien law as it existed prior to the passage of this act, is still in full force and operation, and that the petition states a cause of action. The demurrer to the petition is overruled.

White, Johnson & McCaslin, Attorneys for Plaintiff.

George A. Groot, Attorney for Defendants.