(47 Misc. Rep. 465.)

### WILCOX v. McCLELLAN, Mayor, et al.

(Supreme Court, Special Term, New York County.   June, 1905.)

1. MUNICIPAL CORPORATIONS—LEGISLATIVE CONTROL.

The Legislature creates the subjects of local legislation, and defines the powers and duties of the local Legislature in relation thereto, and may, in the exercise of its reserved power, modify or take away these delegated powers and duties in whole or in part.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 156.]

2. SAME—POWERS SUBJECT TO DELEGATION.

The Legislature may delegate its power of control over the streets of a city to any local board, administrative or legislative, under appropriate provisions of law.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 167.]

3. SAME—CONTROL OF STREETS—CONSTITUTIONAL PROVISIONS.

Laws 1905, cc. 629, 630, 631, pp. 1533, 1548, 1550, giving the control of streets of the city of New York and the power to grant franchises to street railway companies to the board of estimate and apportionment, and thus taking away such power from the board of aldermen, are not repugnant to the home rule provision of Const. art. 10, § 2, nor to Const. art. 3, §§ 26, 27, providing that in a city which includes an entire county the powers and duties of a board of supervisors may be devolved upon the board of aldermen or other legislative body, and that the Legislature shall confer upon the board of supervisors such further powers of local legislation as it may deem expedient.

4. STATUTES—LOCAL LAWS.

Such act is not in violation of Const. art. 3, § 18, prohibiting the Legislature to pass local bills authorizing the construction of a street railroad, except with the consent of the local authorities having control of the public streets.

Action by Clement H. Wilcox against George B. McClellan, as mayor of the city of New York, and others.   On motion for injunction pending suit.   Denied.

Kellogg & Rose (L. Laflin Kellogg, of counsel), for the motion.

John J. Delany, Corp. Counsel (William P. Burr, of counsel), opposed.

BLANCHARD, J.   The plaintiff, a taxpayer, makes this motion for an order enjoining the defendants pending this action from considering or taking any action pursuant to the provisions of chapters 629, 630, 631, pp. 1533, 1548, 1550, of the Laws of 1905 of the state of New York, in respect to certain communications received by the defendants, as the board of estimate and apportionment of the city of New York, from the board of rapid transit railway commissioners.   These communications have for their purpose the securing from the board of estimate and apportionment its consent to the construction of certain rapid transit railways in the city of New York.   In support of this motion, the plaintiff contends that the said acts of 1905, by virtue of which the board of rapid transit railway commissioners has applied to the board of estimate and apportionment for its consent to the construction of the railways in question, are void, because in violation of certain of the provisions of the state Constitution.   The plaintiff's objections to the

constitutionality of the acts in question are stated in the complaint as follows:

"First. Because they violate the home rule principle as secured to cities by article 10, § 2, of the Constitution of the state of New York, in that important functions pertaining to the franchise control over the public streets of said city are by said acts attempted to be taken away from the legislative body of the municipality, to wit, the board of aldermen, and transferred to one of the administrative bodies of the municipality, to wit, the board of estimate and apportionment, during the incumbency of the persons elected by the people, and now constituting the said board of aldermen, and which legislation amounts to an appointment by the Legislature to a local office, instead of an election by the people or an appointment thereto by the local authorities; second, because they violate article 3, sections 26 and 27, which require that the control of the streets, including the right to grant franchises for the use and occupation thereof, shall be vested in the legislative department, to wit, the board of aldermen; and, third, because they violate article 3, section 18, in that (a) they are purely local bills, relating solely to the city of New York in respect to the granting of franchises to lay down railroad tracks; and (b) they do not require the consent of the municipal authorities having the control of that portion of the public streets over which it is proposed to construct a street railroad, but provide for the consent of a board not capable of exercising that control under the Constitution."

These several grounds of objection to the constitutionality of the laws in question may be conveniently discussed together. The board of aldermen is, by virtue of article 3, § 26, of the Constitution, created the legislative body of the city of New York. This section provides that in this city the powers and duties of a board of supervisors may be devolved upon the municipal assembly or common council, board of aldermen, "or other legislative body of the city." The words "or other legislative body" evidently mean that in this city the powers and duties of a board of supervisors may be exercised by the legislative body of the city by whatever name it may be designated. Article 3, § 18, of the Constitution provides that no law shall authorize the construction or operation of a street railway, except upon the condition that the consent of the local authorities having the control of that portion of the street or highway upon which it is proposed to construct or operate such railroad be first obtained. The vital question to be determined is, therefore, this: Under the Constitution, has the board of aldermen, as the legislative body of the city of New York, the exclusive right to the control of the streets of the city, and is the state Legislature prevented from changing such control? I do not think so. The Constitution nowhere commands or directs that such control be vested solely in a board of supervisors. Such board has only such powers and duties as the Legislature in its wisdom may confer upon it. Const. art. 3, § 27. In this city the board of aldermen stands in the place of a board of supervisors, and, likewise, may exercise, under the Constitution, only those powers and duties which the Legislature may confer upon it. I find no authority in the Constitution itself, or anywhere else, to support the proposition that the powers and duties of a board of supervisors of a county, and of a board of aldermen of a city, must be identical. The Constitution provides that in the city the powers and duties of a board of supervisors may be devolved upon a board of aldermen. It nowhere prohibits the Legislature from granting to the board of aldermen powers and duties greater

or less than, or different from, those possessed by a board of super-
visors. In the case of boards of supervisors, the Legislature is com-
manded by the Constitution to confer upon them such powers of local
legislation and administration as it may, from time to time, deem expedi-
ent (Const. art. 3, § 27); and as in the government of the city the board
of aldermen takes the place of a board of supervisors, so, likewise, the
Legislature must confer upon the board of aldermen those powers of
local legislation and administration as the Legislature may, from time
to time, deem expedient. The purpose of these constitutional pro-
visions doubtless was to secure to the state Legislature absolute con-
trol over the subjects of legislation which should be within the juris-
diction of merely local legislative bodies. The Legislature creates
the subjects of local legislation, and defines the powers and duties of
the local Legislatures in relation thereto. The reserved power of the
state Legislature to modify or take away these delegated powers and
duties, in whole or in part, is established by abundant authority. The
general principle is well stated by Judge Cooley in his work on Con-
stitutional Limitations (page 192), cited and approved in Demarest
v. Mayor, 74 N. Y. 167, as follows:

"The creation of municipal corporations, and the conferring upon them of
certain powers and subjecting them to corresponding duties, does not deprive
the Legislature of the state of that general control over their citizens which
was before possessed. It still has authority to amend their charters, enlarge
or diminish their powers, extend or limit their boundaries, consolidate two
or more into one, overrule their legislative action whenever it is deemed unwise,
impolitic, or unjust, and even abolish them altogether in the legislative dis-
cretion. The rights and franchises of such a corporation, being granted for
the purposes of the government, can never become such vested rights as
against the state that they cannot be taken away; nor does the charter con-
stitute a contract in the sense of the constitutional provision which prohibits
the obligation of contracts being violated. Restraints upon the legislative
power of control must be found in the Constitution of the state, or they must
rest alone in the legislative discretion."

In commenting upon this citation, Earl, J., in Demarest v. Mayor,
supra, remarks:

"The doctrine of these authorities has never before, so far as I have dis-
covered, been questioned in the courts of this country. The Legislature of
this state has made frequent amendments of the charter of New York.
*  *  *  It has, from time to time, increased and diminished the powers of
the local officers, and has exercised its power to change and alter the charter
of the city at its discretion, and its power to do so, except as restrained by
the state Constitution, has never been questioned in the courts."

In Matter of Lester, 21 Hun, 131, it was objected that an act tak-
ing from the common council of the city of New York the power to
confirm an assessment, and transferring such power to a board of re-
vision and correction of assessments, was unconstitutional. A unani-
mous court held that the act was constitutional, using the following
language: "We see no force in this objection. The power is trans-
ferred from one body of local officers to another local body, and it is
clearly in the power of the Legislature to do that"; citing Devoy v.
Mayor, 36 N. Y. 449; People v. Pinckney, 32 N. Y. 382; Tone v.
Mayor, 70 N. Y. 157; Matter of Roberts, 17 Hun, 559.

The plaintiff's contention that the powers and duties conferred by

the acts in question upon the board of estimate and apportionment are purely legislative in their nature, and therefore may only be exercised by the board of aldermen, is without substance. Briefly and broadly stated, the plaintiff's objection is that by the acts in question the control of the streets of the city and the power to grant franchises to street railway corporations are taken from the board of aldermen and given to the board of estimate and apportionment, an administrative body. I find nothing in the charter of the city to warrant the conclusion that the board of estimate and apportionment is a purely administrative or executive body. Section 96 of the charter (Laws 1901, p. 42, c. 466) defines the administrative departments of the city government, and the board of estimate and apportionment is not among them. This board has numerous and important original powers and duties. Among these are the making up of the annual budget, and fixing the amount thereof (Greater New York Charter, § 242), the appropriation of money for certain purposes (Id. § 242), and general powers in respect to the opening and improvement of streets (Id. § 243). I find no authority for the proposition that the control of the streets of this city and the power to grant franchises to use them for street railway purposes must necessarily be given to the board of aldermen as the local legislative body. The terms of the Constitution do not require this to be done, and, as the state Legislature has the paramount control of the streets of the city, there seems to be no reason why it, in its wisdom, should not delegate that control to any local board, administrative or legislative, under such provisions of law as will permit it to be best exercised for the public welfare.

I have fully considered the other objections of the plaintiff to the acts in question, and do not deem any of them well taken. These acts amend the charter of the city, as well as certain provisions of the rapid transit act, being chapter 4, p. 3, of the Laws of 1891. Both of these statutes are, in a sense, local laws, but I cannot hold them to be unconstitutional on that ground. The objection that the board of estimate and apportionment may at times be constituted largely of appointed officers, instead of elected officers, viz., by the deputy comptroller and the commissioners of public works of the several boroughs, is sufficiently answered by stating that the Legislature has so provided in the charter; and unless the board, when so constituted, is itself an unconstitutional body, its acts, performed in pursuance of law, in respect to the control of the streets and franchises relating to the use thereof, will be constitutional.

These considerations lead me to the opinion that the acts in question are constitutional, and, as I am convinced from the papers submitted upon this motion that the public interests would be damaged by granting the temporary injunction applied for, the motion is denied, with $10 costs.

Motion denied, with $10 costs.